ATTORNEY FOR APPELLANT
Matthew J. Elkin
Kokomo, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Scott L. Barnhart
Deputy Attorney General
Indianapolis, Indiana

### In the
### Indiana Supreme Court

FILED

Jun 04 2008, 12:12 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 34S05-0806-CR-316

WAYNE JEWELL, *Appellant,*

v.

STATE OF INDIANA, *Appellee*.

Appeal from the Howard Superior Court, No. 34D02-0502-FA-49
The Honorable Stephen M. Jessup, Judge

On Transfer from the Indiana Court of Appeals, No. 34A05-0703-CR-153

**June 4, 2008**

**Dickson, Justice.**

In this direct appeal, the defendant has challenged his three convictions by asserting six appellate claims as fundamental error.[1] The Court of Appeals *sua sponte* recharacterized three of these as issues of ineffective assistance of counsel and denied relief, but reversed two of the three convictions on other grounds. Jewell v. State, 877 N.E.2d 864, 872-73 (Ind. Ct. App. 2007). Urging that he did not present any direct appeal issues as claims of ineffective assistance and that he could present this issue in possible future post-conviction proceedings, the defendant sought

---

[1] The fundamental error doctrine is an exception to the general rule that the failure to object at trial constitutes a procedural default precluding consideration of an issue on appeal. Benson v. State, 762 N.E.2d 748, 755 (Ind. 2002).

transfer. We grant transfer and now reject the defendant's procedurally defaulted claims solely on grounds that they do not constitute fundamental error.

Following a jury trial, the defendant was convicted in Counts I and II of two incidents of Child Molesting as a class A felony and in Count IV of Sexual Misconduct With a Minor as a class D felony. The defendant's appeal sought reversal on six grounds, claiming that each qualified for appellate consideration as fundamental error: (1) statute of limitations; (2) insufficient evidence; (3) failure of counsel to object to the filing of an amended charge; (4) failure of counsel to cross-examine; (5) failure of counsel to investigate; and (6) failure of counsel to file an alibi notice. As to the last three of these, the Court of Appeals disregarded the defendant's express presentation of his claims "in the framework of fundamental error and not ineffective assistance of counsel." Appellant's Br. at 13, 16. The Court of Appeals acknowledged that the defendant was seeking appellate review on these issues solely as fundamental error and was seeking to reserve until post-conviction proceedings his claims of ineffective assistance of counsel, but it nevertheless considered these issues as claims of ineffective assistance of counsel and addressed the merits of whether trial counsel's performance was deficient or resulted in prejudice. Jewell, 877 N.E.2d at 872-73.

As to the statute of limitations and insufficient evidence claims, which may be presented in a criminal appeal without being raised at trial, the Court of Appeals reversed the convictions on Counts II and IV, and the State did not challenge the reversals on transfer. We summarily affirm the decision of the Court of Appeals on these issues.

As to his other direct appeal claims, the defendant seeks reversal on grounds that fundamental error occurred by reason of his trial counsel's alleged failures during his third trial[2] to properly cross-examine and to impeach the State's key witnesses, to adequately investigate, to file a notice of alibi, and to object to the belated filing of amended charges. Although reciting the fundamental error doctrine as the sole basis of his direct appeal claims, the defendant's appel-

---

[2] During the first trial on multiple counts, the defendant's motion for directed verdict was granted as to one count, he was acquitted on two other counts, and the jury was unable to reach verdicts on two counts. His second trial resulted in a mistrial during *voir dire* because of an insufficient number of prospective jurors.

lant's brief nevertheless described the alleged errors as a series of claimed failures of his trial counsel, and the State's appellee's brief responded by addressing these issues as ones of ineffective assistance of counsel, not as fundamental error.

A criminal defendant claiming ineffective assistance of trial counsel is at liberty to elect whether to raise this claim on direct appeal or in post-conviction proceedings. Woods v. State, 701 N.E.2d 1208, 1216 (Ind. 1998), *cert. denied*, Woods v. Indiana, 528 U.S. 861, 120 S.Ct. 150, 145 L.Ed.2d 128 (1999). But if raised on direct appeal, the appellate resolution of the issue acts as *res judicata* and precludes its relitigation in subsequent post-conviction relief proceedings. Thomas v. State, 797 N.E.2d 752, 754 (Ind. 2003); McCary v. State, 761 N.E.2d 389, 392 (Ind. 2002); Allen v. State, 749 N.E.2d 1158, 1166 (Ind. 2001); Woods, 701 N.E.2d at 1216.

In contrast to a direct appeal, which addresses claims of error established in the record of proceedings through trial and judgment, a post-conviction relief proceeding may receive new evidence not previously presented at trial. Ind. Post-Conviction Rules 1(1)(a)(4) and 1(5); Gould v. State, 578 N.E.2d 382, 384 (Ind. Ct. App. 1991); *see generally* State v. Cleland, 477 N.E.2d 537 (Ind. 1985). To establish a violation of the Sixth Amendment right to effective assistance of counsel requires a defendant to prove two components: (1) counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms; and (2) the deficient performance prejudiced the defendant to the extent that, but for counsel's errors, the result of the proceeding would have been different. Perez v. State, 748 N.E.2d 853, 854 (Ind. 2001); Woods, 701 N.E.2d at 1224. To support such a claim of ineffective assistance of counsel, it is often necessary to develop facts beyond those contained in the trial record. McIntire v. State, 717 N.E.2d 96, 101 (Ind. 1999); Woods, 701 N.E.2d at 1216-19. Unless foreclosed by raising the issue on direct appeal, a defendant should be permitted to present the issue of ineffective assistance of counsel utilizing the broader evidentiary opportunities afforded in post-conviction proceedings.

We therefore address only the defendant's assertions that his trial counsel's representation constituted fundamental error, but not as claims of ineffective assistance of counsel under the Sixth Amendment. Appellate courts may, on rare occasions, resort to the fundamental error ex-

ception to address on direct appeal an otherwise procedurally defaulted claim. But fundamental error is extremely narrow and available only when the record reveals a clearly blatant violation of basic and elementary principles, where the harm or potential for harm cannot be denied, and which violation is so prejudicial to the rights of the defendant as to make a fair trial impossible. Benson, 762 N.E.2d at 755; Maul v. State, 731 N.E.2d 438, 440-41 (Ind. 2000); *see also* Barany v. State, 658 N.E.2d 60, 64 (Ind. 1995).

The defendant asserts that his trial counsel's representation constituted fundamental error in that: (a) counsel's cross-examination ignored and missed inconsistencies and matters affecting credibility; (b) counsel failed to adequately review transcripts from the prior trial and to locate any favorable witnesses, thus failing to adequately investigate; (c) counsel failed to file a notice of alibi, and (d) counsel failed to object to a belated amendment changing the street address of the alleged offenses. None of these claims, however, satisfy the narrow criteria warranting their consideration under the fundamental error exception to procedural default. We therefore deny the defendant's request for reversal of his remaining conviction on grounds of fundamental error.

We grant transfer and remand this case for resentencing in accordance with (a) the Court of Appeals' decision reversing the defendant's convictions on Counts II and IV, which reversals the State does not challenge and which we summarily affirm; and (b) our refusal to reverse the conviction on Count I on grounds of fundamental error. The remaining parts of the opinion of the Court of Appeals, including its discussion of ineffective assistance of counsel, are automatically vacated by reason of our grant of transfer. Ind. Appellate Rule 58(A). The defendant may thus present a future post-conviction claim alleging ineffectiveness of trial counsel.

Shepard, C.J., and Sullivan and Boehm, JJ., concur. Rucker, J., concurs in result.