**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

**FILED**

Nov 27 2013, 5:33 am



**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JACK QUIRK**
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| TERRENCE J. DOUGLASS, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 18A02-1302-CR-189 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Linda Ralu Wolf, Judge
Cause No. 18C03-1004-FB-2

**November 27, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Terrence J. Douglass appeals his convictions of two counts Class B felony dealing in cocaine.[1] He presents two issues for review:

1.    Whether the State presented sufficient evidence he dealt cocaine; and

2.    Whether he demonstrated his counsel was ineffective.

We affirm.

### FACTS AND PROCEDURAL HISTORY

On April 2, 2010, police investigators decided to have a confidential informant (CI) purchase cocaine from Douglass. The CI called Douglass, requested $100 worth of cocaine, and arranged to meet Douglass at a liquor store parking lot. Police photocopied the purchase money to record the serial numbers, searched the CI as if "looking for something the size of a handcuff key," (Tr. at 164), and equipped the CI with a hidden audio and video recording device. While under constant surveillance by investigators, the CI walked a police-designated route to the liquor store, met with Douglass, and returned to the police with a bag of cocaine weighing 0.96 grams. Police again conducted a thorough search of the CI and found neither drugs nor the purchase money.

Later that day, police decided to organize a "buy-bust," meaning that officers would arrest Douglass immediately after the deal. (*Id*. at 196.) The CI called Douglass to arrange the transaction. In this conversation, the CI told Douglass she wanted $100 worth of cocaine, and Douglass offered to meet her in approximately fifteen minutes. Just as before, police

---

[1] Ind. Code § 35-48-4-1(a)(1)(C).

2

photocopied the purchase money, searched the CI, and equipped the CI with recording and transmitting devices. Police investigators watched the CI walk a predetermined route to the liquor store and enter the vehicle that Douglass was driving. As soon as the CI exited the vehicle, police officers detained and searched Douglass, his passenger, and the CI. Investigators found a bag of cocaine weighing 0.95 grams on the CI, $80 from the first buy in Douglass' back pocket, and the money from the second buy in the center console of the vehicle.

The State charged Douglass with two counts of Class B felony dealing in cocaine and one count of Class D felony maintaining a common nuisance.[2] A jury found Douglass guilty of both counts of dealing in cocaine, and the court dismissed the maintaining a common nuisance charge. The court sentenced Douglass to twenty years for each count and ordered those sentences to be served concurrently.

## DISCUSSION AND DECISION

1.  Sufficiency of Evidence

There was sufficient evidence to support Douglass' conviction. When reviewing sufficiency of evidence, we consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess witness credibility or reweigh evidence. *Id.* The evidence need not overcome every inference of innocence. *Id.* at 147. Evidence is sufficient if it permits a reasonably drawn

---

[2] Ind. Code § 35-48-4-13(b).

3

inference that supports the verdict. *Id*. at 146.  We affirm "unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id*.

Dealing in cocaine occurs when "a person . . . knowingly or intentionally manufactures, finances the manufacture of, delivers, or finances the delivery of . . . cocaine . . . ." Ind. Code § 35-48-4-1.  Because delivery is the "actual or constructive transfer from one (1) person to another of a controlled substance," Ind. Code § 35-48-1-11, the State had to show Douglass possessed the cocaine before the transaction.  *See Watson v. State*, 839 N.E.2d 1291, 1293 (Ind. Ct. App. 2005).

Douglass contends State did not prove he possessed, before each purchase, the cocaine the CI gave to police.  A properly conducted controlled purchase will permit an inference the defendant had prior possession of a controlled substance.  *Id*. at 1293.

> A controlled buy consists of searching the person who is to act as the buyer, removing all personal effects, giving him money with which to make the purchase, and then sending him into the residence in question.  Upon his return he is again searched for contraband.  Except for what actually transpires within the residence, the entire transaction takes place under the direct observation of the police.  They ascertain that the buyer goes directly to the residence and returns directly, and they closely watch all entrances to the residence throughout the transaction.

*Mills v. State*, 379 N.E.2d 1023, 1026 (Ind. Ct. App. 1978).  Presumably, the pre-purchase search establishes the person making the purchase for the police does not have contraband prior to the transaction with the target. *Watson*, 839 N.E.2d at 1294.  Surveillance during the transaction establishes the target as the source of the contraband and excludes other sources of contraband.  *Id.*  Thus, any contraband discovered during a search after the transaction is

4

attributable to the target of the controlled purchase. *Id.*

The circumstances of the controlled purchases were sufficient to permit an inference Douglass possessed cocaine before delivering it to the CI. The police thoroughly searched the CI before each transaction and confirmed she carried no contraband; the CI remained under constant police surveillance and made no contact with anyone before or after each purchase; the CI had cocaine after each purchase; and police found some of the purchase money in Douglass' pocket and vehicle.

Douglass maintains the search of the CI was inadequate because the female CI was searched by a male police officer. While failure to properly search an informant can be fatal to the State's ability to demonstrate a defendant possessed illegal drugs prior to a controlled purchase, *id*., Douglass has not demonstrated error here. The police officers testified the searches complied with their department's standard procedure and were thorough. The controlled buys were adequately performed to permit an inference that Douglass possessed the cocaine prior to the controlled buys, *see Castillo v. State*, 734 N.E.2d 299, 306 (Ind. Ct. App. 2000) (male officer's thorough search of female informant before and after controlled buys, coupled with monitoring of transactions, was sufficient) *reh'g denied*, and thus the resulting evidence was sufficient to support Douglass' convictions.

    2.    Ineffective Assistance of Counsel[3]

---

[3] A criminal defendant may raise the claim of ineffective assistance on direct appeal or in post-conviction proceedings. *Jewell v. State*, 887 N.E.2d 939, 941 (Ind. 2008). If raised on direct appeal, "the appellate resolution of the issue acts as *res judicata* and precludes its relitigation in subsequent post-conviction relief proceedings." *Id*.

We begin our review of a claim of ineffective assistance of counsel with a strong presumption "that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Ward v. State,* 969 N.E.2d 46, 51 (Ind. 2012). Trial counsel has wide latitude in selecting trial strategy and tactics, which will be subjected to deferential review. *Id.* "[A] defendant must offer strong and convincing evidence to overcome this presumption." *Saylor v. State,* 765 N.E.2d 535, 549 (Ind. 2002).

To demonstrate ineffective assistance, a defendant must establish both deficient performance and resulting prejudice. *Pontius v. State,* 930 N.E.2d 1212, 1219 (Ind. Ct. App. 2010), *trans. denied.* Performance is deficient when trial counsel's representation falls below an objective standard of reasonableness causing errors sufficiently serious to amount to a denial of the defendant's Sixth Amendment right to counsel. *Wesley v. State,* 788 N.E.2d 1247, 1252 (Ind. 2003). Prejudice is established when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be different." *Id.* If a defendant does not establish prejudice, we need not evaluate trial counsel's performance. *Pontius,* 930 N.E.2d at 1219.

Douglass contends his counsel was ineffective because counsel did not present evidence the CI was Douglass' aunt and the car in which the buys took place belonged to her. Douglass suggests this evidence supports the theory he never possessed cocaine, but rather the CI obtained the cocaine from a hidden location within the vehicle and then left the purchase money. In light of the overwhelming evidence Douglass sold the cocaine,

6

Douglass has not demonstrated a reasonable probability evidence he was related to the CI would have affected his conviction, and thus, he has not shown he was prejudiced by counsel's performance. *See Wilkes v. State*, 984 N.E.2d 1236, 1242 (Ind. 2013) (finding no prejudice where evidence of the defendant's guilt was overwhelming and the result of the trial would have been the same).

## CONCLUSION

The State presented sufficient evidence to convict Douglass of two counts of dealing in cocaine, and Douglass has not demonstrated his counsel was ineffective. Accordingly, we affirm.

Affirmed.

BAILEY, J., and BRADFORD, J., concur.

7