## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 20 2015, 10:01 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Amanda O. Blackketter
Blackketter Law Office
Shelbyville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Graham T. Youngs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jesse Edward Atwood,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 20, 2015

Court of Appeals Case No.
73A01-1407-CR-324

Appeal from the Shelby Superior Court
The Honorable David N. Riggins, Judge
Case No. 73D02-1405-CM-358

**Crone, Judge.**

## Case Summary

[1] Jesse Edward Atwood appeals his conviction for class B misdemeanor disorderly conduct stemming from a physical altercation between him and another jail inmate. He claims that there was a material variance between the charging

information and the evidence adduced at trial. He also challenges the sufficiency of evidence to support his conviction. Finding no material variance and finding the evidence sufficient to support his conviction, we affirm.

## Facts and Procedural History

[2] In May 2014, Atwood, Nicholas Rairdon, and Jose Alberto Ozuna-Barrios were inmates in the work-release section of the Shelby County jail. Although Ozuna-Barrios was the only one of the three actually on work release, the other two were being housed in that section due to space constraints. One morning, around 2:00 a.m., while Ozuna-Barrios was sleeping in an upstairs bunk, Atwood and Rairdon were playing cards and began arguing over the volume of the music playing on the television. Atwood told Rairdon to turn down the volume, and Rairdon refused. Both men stood up, and Atwood approached Rairdon and yelled at him. The closed-circuit video recording shows the taller Atwood leaning over Rairdon within a couple inches of his face. About a minute later, Atwood placed Rairdon in a headlock from behind, and the two went to the ground, got back up, and then went back to the ground, rolling and continuing to strike each other. Awakened by the commotion, Ozuna-Barrios came downstairs and saw the two men wrestling on the ground. Moments later, Atwood was crouched over on the floor, and Rairdon struck him a couple more times. Rairdon then went to the door, pushed the call button, and notified jail personnel of the altercation. Shortly thereafter, Deputy Kenneth Carroll and another officer arrived. Atwood and Rairdon were both bleeding and had sustained injuries.

[3] The State charged Atwood with class B misdemeanor disorderly conduct and class A misdemeanor battery. The trial court found him guilty of disorderly conduct and not guilty of battery. Atwood now appeals. Additional facts will be provided as necessary.

# Discussion and Decision

## Section 1 – No material variance exists between the charging information and the evidence adduced at Atwood's trial.

[4] Atwood maintains that there is a material variance between the conduct alleged in the charging information and the evidence forming the basis for his disorderly conduct conviction. At the outset, we note that Atwood did not raise an objection to any variance during his bench trial. As such, he has waived the issue for review. *See Sisson v. State*, 985 N.E.2d 1, 12 (Ind. Ct. App. 2012) (holding that issues not raised in the trial court are waived for purposes of appellate review), *trans. denied* (2013); *see also Neff v. State*, 915 N.E.2d 1026, 1031 (Ind. Ct App. 2009) (emphasizing that where defendant is confused by language of the charging information, he must bring any discrepancy to the trial court's attention at the

earliest opportunity), *trans. denied* (2010).[1]

[5] Waiver notwithstanding, a variance is fatal only if it "either misleads the defendant in the preparation of his defense resulting in prejudice or leaves the defendant vulnerable to double jeopardy in a future criminal proceeding covering the same event and evidence." *Broude v. State*, 956 N.E.2d 130, 136 (Ind. Ct. App. 2011), *trans. denied* (2012).

[6] With respect to disorderly conduct, the charging information reads in pertinent part, "Jesse E. Atwood did recklessly, knowingly, or intentionally engage in fighting or tumultuous conduct, to-wit: Placed in headlock and took to ground, the same being contrary to the form of the statute, to-wit: I.C. 35-45-1-3(1)." Appellant's App. at 14. At trial, the State introduced a DVD showing video footage of the incident. The recording shows Atwood approaching Rairdon and leaning down within inches of Rairdon's face for nearly a minute. The footage also depicts Atwood grabbing Rairdon from behind and wrapping his arm around Rairdon's neck in a maneuver resembling a headlock. State's Ex. 1. Although the bottom of the video screen is obstructed, it appears that the two men (still connected by the headlock) went down toward the floor, momentarily raised up, and then went all the way to the floor, where they rolled and wrestled for several

---

[1] Having failed to raise the material variance issue at trial, Atwood would be limited to raising the issue as fundamental error. "[F]undamental error is extremely narrow and available only when the record reveals a clearly blatant violation of basic and elementary principles, where the harm or potential for harm cannot be denied, and which violation is so prejudicial to the rights of the defendant as to make a fair trial impossible." *Jewell v. State*, 887 N.E.2d 939, 942 (Ind. 2008). As discussed below, we find no variance between the charging information and the evidence adduced at trial, and as such, we find no error at all, let alone fundamental error.

minutes. The footage lasts almost seven minutes and covers everything from Atwood's initial approach to the end of the altercation and the arrival of jail personnel. Atwood did not object to the State's introduction of the DVD and acknowledged having received it prior to trial. Tr. at 9. Having had pretrial access to the recording, he could view the incident from start to finish and prepare his defense accordingly.

[7] Rather than focusing his material variance argument on the evidence adduced at trial, Atwood focuses on the trial court's closing remarks emphasizing his conduct in getting in Rairdon's face, "lording over him and telling him this is how it's gonna be in the cell, in the jail block," and characterizing it as tumultuous. Tr. at 60. However, the test for a material variance measures the allegations contained in the charging information against the evidence adduced at trial, not against the contents of the trial court's closing remarks. As stated, the video footage spanned the entire incident, from the approach to the headlock, to the wrestling, crouching, and separating. As discussed below, the evidence is sufficient to support Atwood's conviction, whether based on fighting or tumultuous conduct. *See* Ind. Code § 35-45-1-3(1) (defining disorderly conduct as "recklessly, knowingly, or intentionally … engag[ing] in fighting *or* in tumultuous conduct") (emphasis added). Thus, the trial court's emphasis on one part of the video evidence over another to conclude that Atwood engaged in one of the two disjunctive acts comprising disorderly conduct did not result in Atwood being prejudicially misled in the preparation of his defense or vulnerable to double jeopardy in a future proceeding.

# Section 2 – The evidence is sufficient to support Atwood's conviction for disorderly conduct.

[8] Atwood challenges the sufficiency of the evidence to support his conviction. When reviewing a sufficiency of evidence claim, we consider only the probative evidence and reasonable inferences most favorable to the judgment. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We neither reweigh evidence nor assess witness credibility. *Id*. The evidence need not overcome every reasonable hypothesis of innocence, and we will affirm unless no reasonable factfinder could find the elements of the crime proven beyond a reasonable doubt. *Id*.

[9] Atwood was convicted of disorderly conduct. "A person who recklessly, knowingly, or intentionally … engages in fighting or in tumultuous conduct … commits disorderly conduct, a class B misdemeanor." Ind. Code § 35-45-1-3(a)(1). Tumultuous conduct is conduct that "results in, or is likely to result in, serious bodily injury to a person or substantial damage to property." Ind. Code § 35-45-1-1. "Serious bodily injury" is bodily injury that creates a substantial risk of death or that causes: serious permanent disfigurement, unconsciousness, extreme pain, permanent or protracted loss or impairment of the function of a bodily member or organ, or loss of a fetus. Ind. Code § 35-31.5-2-292.

[10] Atwood focuses his insufficiency argument on the extent of Rairdon's actual injuries. In other words, he claims that the bite mark on Rairdon's bicep, the bleeding sore inside Rairdon's mouth, and the red burn marks on Rairdon's neck do not amount to "serious bodily injury." Atwood's argument fails in two ways:

(1) it fails to acknowledge that a finding of tumultuous conduct can also be established by showing that the conduct *is likely to result in* serious bodily injury; and (2) it fails to acknowledge that disorderly conduct may be established by showing that he knowingly engaged in "fighting *or* … tumultuous conduct." Ind. Code § 35-45-1-3(a)(1) (emphasis added).

[11] The video evidence shows the incident from start to finish. The taller Atwood got within a couple inches of Rairdon's face and continued to lean in toward him while Rairdon looked down and away. Atwood then grabbed Rairdon from behind with his arm locked around Rairdon's neck. Somehow, the two ended up on the floor, then back up, and then back on the floor, where they rolled and wrestled for several minutes. Simply put, the video recording establishes that Atwood's conduct was likely to result in serious bodily injury and that he knowingly or intentionally engaged in fighting. The evidence is sufficient to support his disorderly conduct conviction. Accordingly, we affirm.

[12] Affirmed.

Friedlander, J., and Kirsch, J., concur.