# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**KIMBERLY A. JACKSON**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

**FILED**

Dec 10 2014, 9:52 am

**CLERK**
of the supreme court,
court of appeals and
tax court

| | |
|---|---|
| JAMES MCCAULEY, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )   No. 84A01-1405-CR-219 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable Michael Rader, Judge
Cause No. 84D05-1306-FD-1631

**December 10, 2014**

**OPINION - FOR PUBLICATION**

**DARDEN, Senior Judge**

James McCauley appeals the revocation of his probation.  We affirm.

ISSUES

McCauley raises one issue, which we expand and restate as:

I.      Whether the trial court abused its discretion in revoking his probation.

II.     Whether the trial court violated his right to due process in revoking his probation.

FACTS AND PROCEDURAL HISTORY

On May 31, 2013, police officers operating a sobriety checkpoint in Vigo County encountered McCauley and determined that he was driving under the influence of alcohol.  A chemical test revealed that McCauley had a blood alcohol concentration equivalent to .22 grams of alcohol per 210 liters of breath.

The State charged McCauley with operating a motor vehicle with a blood alcohol concentration equivalent to .15 or more, a Class A misdemeanor, and operating a vehicle while intoxicated with a prior conviction, a Class D felony.  The State also petitioned to revoke McCauley's probation in another case, in which he had been convicted of operating while intoxicated.  In the other case, McCauley was doing poorly, having failed several times to abide by the terms and conditions of his probation.

While the instant charges were pending, McCauley obtained the trial court's permission to be released to a sober living program.  The court advised McCauley that failure to comply with the program's rules would result in him being returned to jail.  On August 13, 2013, the State filed a motion to revoke McCauley's pretrial release, alleging

2

that he left his treatment program without permission. McCauley later admitted to violating the program's rules.

Next, the parties executed a plea agreement. Pursuant to the plea agreement, McCauley agreed to plead guilty to the Class D felony, and the State agreed to dismiss the Class A misdemeanor and the petition to revoke probation in the other case. The parties further agreed to a three-year maximum sentence, with eighteen months served on home detention, followed by eighteen months to be served on informal probation. McCauley further promised to be gainfully employed, to abide by standard terms of probation, and to obtain alcohol addiction counseling at his own expense.

The trial court ordered the preparation of a presentence investigation report. The report indicated that McCauley has four prior convictions for operating a vehicle while intoxicated, two prior convictions for public intoxication, and convictions for home improvement fraud, theft, and battery.

At the sentencing hearing conducted on September 26, 2013, the court noted that McCauley's sentence was non-suspendible. The court further determined that McCauley should receive an enhanced sentence "due to [his] extensive criminal record." Appellant's App. p. 5. The court accepted the plea agreement and sentenced McCauley to three years, with eighteen months served on home detention through a community corrections program, followed by eighteen months suspended to informal probation.

The court incorporated the rules of the community corrections program into the sentencing order and further directed McCauley to pay all program fees. In addition, the court ordered McCauley to "enter, complete, and pay for the Vigo County Alcohol and

3

Drug Program." *Id.* During the sentencing hearing, the court advised McCauley that it considered the sentence to be "very lenient." April 29, 2013 Sentencing Tr. p. 11.[1] The court further stated that McCauley's age (fifty-five) was a major reason why the court accepted a plea agreement without upfront incarceration. The court also advised McCauley that it would be willing to send McCauley to prison if he violated the terms of the sentencing order, stating "I will get you off the street[s] if I have to." *Id.* at 13.

Subsequently, on April 24, 2014, the State filed a "Petition to Revoke Direct Placement in the Home Detention Program and/or to Revoke Probation." Appellant's App. p. 35. In the petition, the State alleged: (1) McCauley had twice consumed alcohol, and the program had imposed suspended sanctions of deprivation of thirty days of credit time; (2) McCauley failed to report to Vigo County Community Corrections for a weekly check-in appointment; (3) McCauley had twice left his home without authorization; and (4) McCauley was in arrears on home detention program fees in the amount of $495. The State asked the court to revoke McCauley's home detention, revoke his probation, and order him committed to the county jail or the Department of Correction to serve his sentence.

The court held an initial hearing on the State's petition to revoke. During the hearing, the following discussion occurred:

COURT:      Now if you are found to have violated you could be continued on probation, have your probation modified or sent over to the DOC for three (3) years less any credit time. Now, that's the potential. I'm not saying

---

[1] The transcript volumes are not consecutively paginated, in violation of Indiana Appellate Rule 28(A)(2).

>           that would happen.  I don't know what would happen
>           but you understand that's a possibility.
>
>     MCCAULEY:       Right.

Initial Hearing Tr. pp. 5-6.  The court further ordered McCauley held without bond pending disposition of the petition to revoke, stating that McCauley is "essentially a DOC inmate so to speak." *Id.* at 6.

Next, the court held an evidentiary hearing on the petition to revoke.  During the hearing McCauley did not dispute that he had consumed alcohol on two occasions and that he was in arrears on program fees.  At the close of the hearing, the State asked that McCauley be sent to the Department of Correction.  McCauley did not contest the State's request for incarceration, claiming that he could not afford the home detention program's fees.  The court ordered McCauley to serve his entire three-year sentence, minus accrued credit time, at the Department of Correction.  This appeal followed.

## DISCUSSION AND DECISION

### I. PROBATION REVOCATION - DISCRETION

McCauley does not dispute that the trial court had sufficient grounds to revoke his placement on home detention.  He instead argues that the court erred by also revoking his term of informal probation without proper notice and that there is insufficient evidence to support revocation.  He thus asks this Court to reverse his sentence and remand with instructions to order McCauley to be incarcerated for the remainder of the eighteen months he would have served on home detention, to be followed by eighteen months of informal probation per the original sentencing order.

5

A reviewing court treats a petition to revoke placement in a community corrections program the same as a petition to revoke probation. *Bass v. State*, 974 N.E.2d 482, 488 (Ind. Ct. App. 2012). Probation is a matter of grace left to a trial court's discretion, not a right to which a criminal defendant is entitled. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). Once a court has exercised its grace by ordering probation rather than incarceration, the judge has considerable leeway in deciding how to proceed. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). It is thus within the discretion of the court to determine probation conditions and to revoke probation if the conditions are violated. *Heaton*, 984 N.E.2d at 616. Accordingly, a court's probation decision is subject to review for abuse of discretion. *Smith v. State*, 963 N.E.2d 1110, 1112 (Ind. 2012). An abuse of discretion occurs where the decision is clearly against the logic and effects of the facts and circumstances before the court. *Id.*

To address McCauley's argument, it is necessary to discuss the relationship between home detention and probation. A defendant may be placed on home detention as a condition of probation, Ind. Code § 35-38-2.5-5 (2001), or as part of a direct placement in a community corrections program, Ind. Code § 35-38-2.6-4.5 (2010). Where, as in McCauley's case, a defendant is placed on home detention as a direct placement in a community corrections program, the defendant must be placed on probation upon completion of the program. Ind. Code § 35-38-2.6-7 (1991). If a defendant violates the term of the home detention placement, the court, after a hearing, may continue the placement, change the terms of the placement, or "revoke the

6

placement and commit the person to the department of correction for the remainder of the person's sentence." Ind. Code § 35-38-2.6-5 (1991).

Applying the plain language of Indiana Code section 35-38-2.6-5 to this case, the trial court had ample statutory authority to order McCauley incarcerated for the remainder of his sentence, regardless of the term of probation included in the original sentencing order, because he violated the terms of his home detention. *See Toomey v. State*, 887 N.E.2d 122, 124 (Ind. Ct. App. 2008) (Indiana Code section 35-38-2.6-5 authorized the trial court to revoke Toomey's work release commitment *and* home detention commitment even though the evidence at the hearing was directed solely to his violation of the terms of work release and did not discuss home detention).

In addition, in this case the trial court also incorporated the Vigo County Community Corrections rules into the sentencing order, and those rules forbid the consumption of alcohol. Vigo County's general conditions of probation include abstaining from alcohol if ordered by the court. Appellant's App. p. 48. Thus, the trial court effectively ordered McCauley not to consume alcohol by ordering him to "enter, complete, and pay for the Vigo County Alcohol and Drug Program," Appellant's App. p. 5, and the violation of that term of the community corrections rules also amounted to a violation of the terms of probation.

In any event, McCauley's argument must fail. He has a lengthy criminal history, largely consisting of alcohol-related crimes. He was on probation for an alcohol-related offense when he committed the crime at issue in this case. While the case was pending, the trial court released McCauley to a substance abuse treatment program, and McCauley

7

failed to abide by the program's rules. After he pled guilty and was placed on home detention, he resumed drinking within less than three months, failed to pay his fees, and missed a mandatory reporting meeting. McCauley's conduct demonstrates an absolute lack of regard for the law. Furthermore, the State and the trial court offered him a chance to avoid upfront incarceration for his conviction, and he squandered that opportunity.

Despite these circumstances, McCauley asks this Court to conclude that, even though McCauley unequivocally failed to comply with the requirements of home detention, the trial court lacked the discretion to determine that the same conduct violated the terms of McCauley's informal probation and should have retained the probation portion of the sentence. McCauley's failure to comply with the strict requirements of home detention indicates that he would be highly unlikely to succeed under the less-restrictive requirements of informal probation. Instead, he would be at risk to continue his misconduct and endanger himself and others.

The trial court's revocation of McCauley's informal probation does not contravene the logic and facts before the court. There is no abuse of discretion.

## II. PROBATION REVOCATION – DUE PROCESS

McCauley claims that he did not receive sufficient notice that the State sought to revoke his informal probation in addition to his home detention placement. He thus concludes that the revocation of his probation violated his right to due process under the Fourteenth Amendment.

The Fourteenth Amendment's Due Process Clause applies to probation revocation proceedings. *Bass v. State*, 974 N.E.2d at 486. However, a probation revocation

8

proceeding is in the nature of a civil action and is not to be equated with an adversarial criminal proceeding. *Mathews v. State*, 907 N.E.2d 1079, 1081 (Ind. Ct. App. 2009). Therefore, a probationer is entitled to some, but not all, of the rights afforded to a criminal defendant. *Id.* The due process right applicable in a probation revocation proceeding allows for procedures that are more flexible than in a criminal prosecution. *Williams v. State*, 937 N.E.2d 930, 933 (Ind. Ct. App. 2010). Such flexibility allows courts to enforce lawful orders, address an offender's personal circumstances, and protect public safety. *Id.*

Thus, a probationer is entitled to (a) a written notice of the claimed violations, (b) disclosure of the evidence against him or her, (c) the opportunity to be heard in person and present witnesses and evidence, (d) the right to confront and cross-examine witnesses, (e) a neutral and detached hearing body, and (f) a written statement by the factfinder regarding the evidence relied upon and reason for revocation. *Mathews*, 907 N.E.2d at 1081.

In this case, McCauley received ample notice that the State sought to revoke both his home detention placement and his term of informal probation. The State's notice of violation specifically asked the trial court to revoke both home detention and probation, and listed violations applicable to both portions of McCauley's sentence. In addition, during the initial hearing on the petition to revoke, the trial court advised McCauley that if a violation were proven, he could be sent to the Department of Correction for the full three-year sentence. McCauley indicated that he understood the court's advisement. McCauley was thus made aware that the State sought to revoke his probation, and he

9

received an opportunity to prepare his defense accordingly. Indeed, at the fact-finding and sentencing hearing McCauley agreed that it was appropriate that he "serve out his sentence" at the Department of Correction. May 1, 2014 Sentencing Hearing Tr. p. 15. The trial court did not violate McCauley's constitutional right to due process.

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

RILEY, J., and MATHIAS, J., concur.