## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Amanda O. Blackketter
Blackketter Law, LLC
Shelbyville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ryan A. Kish,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 20, 2016

Court of Appeals Cause No.
73A01-1505-CR-450

Appeal from the Shelby Superior Court

The Honorable David N. Riggins, Judge

Trial Court Cause No.
73D02-1308-FC-72

**Barnes, Judge.**

# Case Summary

Ryan Kish appeals the revocation of his probation and the sentence imposed by the trial court. We affirm.

# Issues

Kish raises three issues, which we restate as:

> I.  whether the trial court properly denied his request for a continuance;
>
> II.  whether he was denied due process during the probation revocation hearing; and
>
> III.  whether his sentence was proper.

# Facts

In October 2013, Kish pled guilty to Class C felony battery causing serious bodily injury after a physical fight with his girlfriend. Kish was sentenced to four years, with two years executed and two years suspended to probation. As part of his probation, Kish was ordered to complete an anger management program and to successfully complete fifty hours of community service work.

On March 24, 2015, a petition to revoke Kish's probation was filed and alleged that Kish failed to complete an anger management program and his community service hours. At an April 9, 2015 initial hearing, Kish denied the allegation, and the matter was set for a fact-finding hearing on April 23, 2015. During the initial hearing, Kish indicated that he had already hired attorney Jack Tagget.

[5]     On April 23, 2015, attorney Jeffrey Bate entered an appearance and was present at the hearing. Bate requested a continuance because he was "newly hired." Tr. p. 10. The trial court rejected the request, observing, "it's pretty simple really. I mean it's a matter of him not doing the anger management and not doing community service hours. So, if he wants to admit I'll set it for disposition. Otherwise, I'd just as soon do it today and be done with it." *Id.* Bate indicated that Kish would admit to the allegations. Kish, however, said he was not sure about admitting to the allegations, and a fact-finding hearing was held.

[6]     During the hearing, the trial court questioned Deanna Holder, Kish's probation officer, about the allegations. She stated that Kish had been on probation for over a year and had been kicked out of the anger management classes for losing his job. She explained that Kish was to complete the anger management classes before starting community service. She testified that the anger management classes should have been finished six months ago and that Kish had received a tax refund of over $3,000.00 but did not use that money to pay for the classes.

[7]     Kish also testified at the hearing. When his attorney asked Kish if he agreed with the probation officer's testimony, he replied, "Yeah, somewhat." *Id.* at 15. He explained that he lost his job, could not pay the fees, and was suspended from the program. Kish said he had sixteen to eighteen weeks left of a twenty-six week program. He indicated that he used a portion of his tax refund to pay a $250.00 fee and was only allowed to pay for one week of classes in advance. Kish was then questioned by the trial court about why he lost his job, and Kish

explained that someone had accused him of intimidating him or her. The trial court then questioned Kish about his efforts to get a job. When questioned by the trial court about what he did with the remainder of his tax refund, Kish stated that he bought a van for his girlfriend and that it was wrecked a week later. The prosecutor then questioned Kish about when he started probation and the underlying conviction.

[8] The trial court found that Kish violated probation by not completing anger management classes. The trial court did not find that Kish failed to complete community service. The trial court stated, "I find he had the opportunity to complete anger management, did not complete anger management." *Id.* at 23.

[9] The trial court ordered Kish to serve a year of his suspended sentence and to serve the remainder on probation. The trial court explained, "I just don't know what else to do with you. All right? So I'm trying to change your behavior. When you get out, you know, redouble your efforts to find a job." *Id.* at 27. Kish now appeals.

## Analysis

### I. Continuance

[10] Kish argues the trial court erred in denying his request for a continuance of the fact-finding hearing. Whether to grant a continuance lies within the trial court's sound discretion when the motion is not based upon statutory grounds. *Warner v. State*, 773 N.E.2d 239, 247 (Ind. 2002). "There is a strong presumption that the trial court properly exercised its discretion." *Id.*

[11] Kish contends a continuance should have been granted because only a short period of time had passed since the petition to revoke his probation was filed, his attorney had just been hired, and it is customary for defense counsel to attempt to resolve the case with the prosecutor. Kish, however, fails to show that the denial of his request prejudiced him where, as the trial court pointed out, the allegation—that he had not completed an anger management program—was relatively straightforward. Kish does not suggest what defenses would have been found and used had defense counsel been given more time to prepare. Further, although the record shows that defense counsel had contacted the prosecutor, there is no indication that they had discussed an agreed resolution of the matter. Finally, at the fact-finding hearing, Kish's attorney cross-examined witnesses, and Kish was able to testify in support of his defense. Accordingly, Kish has not shown that the trial court abused its discretion in denying the motion for a continuance.

[12] Kish also claims that the trial court erred by holding the dispositional hearing immediately following the fact-finding hearing. He claims that, because the trial court had offered to reset the matter for disposition if Kish admitted to the allegations, it was penalizing him for not admitting to the allegation. Although there was some confusion on this issue, when the trial court explained that they would resolve the matter that day, defense counsel did not object. Instead, defense counsel made an argument as to why Kish should be given another opportunity to complete the anger management classes. Kish does not explain how additional time would have changed the outcome of the disposition.

Accordingly, he has not shown that the trial court erred in conducting the dispositional hearing immediately following the fact-finding hearing.

## II. Due Process

Kish argues he was denied due process during the fact-finding hearing. Although the Fourteenth Amendment's Due Process Clause applies to probation revocation proceedings, because a probation revocation proceeding is in the nature of a civil action, it is not to be equated with an adversarial criminal proceeding. *McCauley v. State*, 22 N.E.3d 743, 748 (Ind. Ct. App. 2014), *trans. denied*. A probationer is entitled to some, but not all, of the rights afforded to a criminal defendant, and the due process applicable in a probation revocation proceeding allows for procedures that are more flexible than in a criminal prosecution. *Id.*

> A probationer is entitled to (a) a written notice of the claimed violations, (b) disclosure of the evidence against him or her, (c) the opportunity to be heard in person and present witnesses and evidence, (d) the right to confront and cross-examine witnesses, (e) a neutral and detached hearing body, and (f) a written statement by the factfinder regarding the evidence relied upon and reason for revocation.

*Id.*

Kish argues he was denied a neutral and detached hearing body because the trial court denied his request for a continuance, offered to postpone the dispositional hearing if Kish admitted to the allegations, and questioned the probation officer and Kish during the hearing. We have already concluded that

the trial court did not err in denying Kish's request for a continuance. Further, the trial court's assessment of the allegation as "pretty simple really" and inquiry into whether Kish was going to admit to the violation is a reflection of the relatively straightforward allegation. Tr. p. 10. It does not suggest that the trial court "began the hearing with the preconceived belief that Kish had violated his probation" as Kish suggests. Appellant's Br. p. 11.

[15] Regarding the questioning of witnesses by the trial court, although we do not endorse this manner of questioning, under these circumstances, we cannot say that Kish was denied due process. During the hearing Kish was represented by counsel, who did not object to the trial court's questioning of the probation officer or Kish. Further, Kish was given an opportunity to explain why he had not completed the classes and what he used the tax refund money for. Finally, the trial court found that Kish violated the term of probation requiring him to complete anger management classes and did not violate the term of probation requiring him to complete community service. Thus, given the relatively straightforward nature of the allegation, the fact that Kish was represented by counsel and given an opportunity to explain his failure to complete the classes, and the trial court's finding that one of the allegations was not proven, we cannot say that Kish was denied due process.

### III. Disposition

[16] Kish contends that the trial court abused its discretion by revoking his probation and ordering him to serve a year of his previously-suspended sentence because he could not pay for the anger management classes. "As provided by Indiana's

statutory scheme, probation may be revoked for violation of a probation condition but, for violations of financial conditions, only if the probationer recklessly, knowingly, or intentionally fails to pay." *Runyon v. State*, 939 N.E.2d 613, 616 (Ind. 2010) (referencing Ind. Code § 35-38-2-3 (g), which provides, "Probation may not be revoked for failure to comply with conditions of a sentence that imposes financial obligations on the person unless the person recklessly, knowingly, or intentionally fails to pay").

[17] Here, to the extent Kish's failure to complete the anger management courses was based on his purported inability to pay, the evidence showed that Kish, who was on probation following a battery conviction, lost his job because of allegations that he intimidated a coworker. Further, after receiving more than $3,000.00 in the form of a tax refund, Kish paid the fees he owed for the anger management program and for one week of classes, showing that he knew he needed to pay for the classes. Even if he was only allowed to pay ahead for one week, he used the remainder of the tax refund to buy his girlfriend a van, which was wrecked within a week. This evidence shows that Kish recklessly failed to pay for his anger management courses by making the conscious choice not to do so.

[18] Indiana Code Section 35-38-2-3(m) provides, "Failure to pay fines or costs (including fees) required as a condition of probation may not be the sole basis for commitment to the department of correction." Kish claims that he was improperly committed to the Department of Correction solely for his failure to pay. However, Kish failed to complete classes despite having the ability to pay

for them after receiving a tax refund. In revoking Kish's probation, the trial court acknowledged the offense for which he was convicted, battery, and the importance of Kish completing the anger management classes. The trial court also crafted the sentence so that, upon Kish's release, he would still be on probation and would be required to complete the classes. The trial court did not abuse its discretion in ordering Kish to serve one year of his suspended sentence.

## Conclusion

[19] The trial court did not err in revoking Kish's probation or ordering him to serve a portion of his suspended sentence. We affirm.

[20] Affirmed.

Robb, J., and Altice, J., concur.