# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 29 2016, 8:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jason L. Holland,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | April 29, 2016<br><br>Court of Appeals Case No.<br>84A01-1512-CR-2126<br><br>Appeal from the Vigo County<br>Superior Court 1<br><br>The Honorable John T. Roach,<br>Judge<br><br>Trial Court Cause Nos.<br>84D01-1403-FC-630<br>84D01-1403-FD-840 |

**Bailey, Judge.**

# Case Summary

[1] Jason L. Holland ("Holland") was found to have violated the terms of his direct placement in community corrections and his probation when he used illicit drugs and alcohol while on home detention. As a sanction, the trial court ordered Holland to serve the balance of his community corrections placement in the Indiana Department of Correction ("DOC"), but did not disturb its original probation order. On appeal, Holland challenges the trial court's finding that he violated the terms of his probation. We affirm.

# Facts and Procedural History

[2] On March 11, 2014, under cause number 84D01-1403-FC-630 ("FC-630"), Holland was charged with Operating a Motor Vehicle while Privileges are Forfeited for Life, a Class C felony,[1] and Possession of Marijuana, as a Class A misdemeanor.[2] On April 4, 2014, under cause number 84D01-1403-FD-840 ("FD-840"), Holland was charged with Receiving Stolen Auto Parts, as a Class D felony.[3] On July 29, 2014, Holland agreed to plead guilty to the charges in both FC-630 and FD-840. On September 8, 2014, the trial court accepted Holland's plea agreement, entered judgments of conviction, and sentenced him

---

[1] Ind. Code § 9-30-10-17. This offense is now a Level 5 felony. We refer to the statute in effect at the time Holland committed his offense.

[2] I.C. § 35-48-4-11(1).

[3] I.C. § 35-43-4-2.5(c).

to an aggregate sentence of six years in the DOC, with two years executed on home detention as a direct placement in community corrections and four years suspended to formal probation.

[3] Holland began his home detention monitoring on September 3, 2015.[4] On October 16, 2015, the State filed a "Petition to Revoke Direct Placement in the Home Detention Program and/or to Revoke Probation," in which it alleged that Holland had violated his community corrections placement by testing positive for amphetamine, methamphetamine, THC, and alcohol on September 4, 2015, and by testing positive for alcohol on September 8, September 10, October 2, and October 14, 2015, all in violation of Home Detention Rule 4.

[4] On November 9, 2015, the trial court held a hearing on the petition, at the conclusion of which it found Holland violated his community corrections placement and his probation. Following a sanctions hearing, the court ordered Holland to serve the balance of his two-year community corrections placement in the DOC, followed by four years of formal probation. Holland now appeals.

# Discussion and Decision

[5] Holland does not dispute that he violated the terms of his community corrections placement when he violated the home detention rules. Rather,

---

[4] Holland did not begin his community corrections placement for nearly a year, apparently because he was arrested and incarcerated in Missouri for several months after he was sentenced in this case.

Holland contends there was insufficient evidence of the terms of his probation to support the court's finding that he violated those terms.

[6] Probation is not a right to which a criminal defendant is entitled, but a matter of grace left to a trial court's discretion. *McCauley v. State*, 22 N.E.3d 743, 746 (Ind. Ct. App. 2014), *trans. denied*. It is within the court's discretion to determine probation conditions and to revoke probation if the conditions are violated. *Id.* at 747. Accordingly, a trial court's probation decision is subject to review for abuse of discretion. *Id.* An abuse of discretion occurs when the decision is clearly against the logic and effects of the facts and circumstances before the court. *Id.*

> Because a probation hearing is civil in nature, the State must prove the alleged probation violation by a preponderance of the evidence. In reviewing a claim of insufficient evidence, we neither reweigh the evidence nor judge the credibility of the witnesses. Instead, we consider only the evidence most favorable to the trial court's decision to revoke probation. We will affirm when there is substantial evidence of probative value to support the court's conclusion that a probationer has violated any condition of probation.

*Johnson v. State*, 692 N.E.2d 485, 486 (Ind. Ct. App. 1998) (citations omitted).

[7] At the revocation hearing, the State presented evidence that Holland tested positive for illicit drugs and alcohol during the probationary period,[5] but did not introduce evidence of the probation terms. However, Holland did not object on the grounds that refraining from drug and alcohol use was not a condition of his probation. The issue is thus waived. *See Johnson*, 692 N.E.2d at 486-87 (holding that probationer waived appellate argument that conditions of probation were not proven where he failed to object on these grounds at the revocation hearing); *Bryce v. State*, 545 N.E.2d 1094, 1098 (Ind. Ct. App. 1989) (same), *trans. denied*.

[8] Moreover, even if Holland's issue was not waived, it would have been within the court's authority to revoke his probation solely because he violated the terms of his community corrections placement. *See* I.C. § 35-38-2.6-5(4) (2015) (providing that if a person directly placed in a community corrections program violates the placement terms, the community corrections director may request that the court revoke the placement and commit the person to the county jail or department of correction for the remainder of the person's sentence); *McCauley*, 22 N.E.3d at 747 (holding that prior version of Section 35-38-2.6-5[6] provides the

---

[5] Although Holland was on home detention at the time, "the probationary period begins immediately after sentencing and ends at the conclusion of the probationary phases of the defendant's sentence." *Crump v. State*, 740 N.E.2d 564, 568 (Ind. Ct. App. 2000), *trans. denied*. Probation can be violated prospectively. *Id.*

[6] The prior version of the statute similarly provided: "If a person who is placed [in community corrections] under this chapter violates the terms of the placement, the court may, after a hearing, . . . [r]evoke the placement and commit the person to the department of correction for the remainder of the person's sentence." I.C. § 35-38-2.6-5(3) (1991).

court with "authority to order [a person] incarcerated for the remainder of his sentence, regardless of the term of probation included in the original sentencing order, because he violated the terms of his home detention").

[9] Finally, although Holland asks this Court to reverse the revocation of his probation, it does not appear that Holland's probation was actually revoked. After finding Holland violated his placement and probation terms, the trial court ordered Holland to serve the balance of his two-year community corrections placement in the DOC, followed by four years of formal probation. The court's sanction thus modified his placement, but did not alter the probationary period to which he was originally sentenced. Any alleged error in the court's finding that Holland violated his probation was therefore harmless and not grounds for granting reversal on appeal. *See* Ind. Appellate Rule 66(A).

[10] The trial court did not abuse its discretion when it found that Holland violated the terms of his probation.

[11] Affirmed.

Bradford, J., and Altice, J., concur.