## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 20 2016, 8:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stacy R. Uliana
Bargersville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jesse E. Kaufman, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | September 20, 2016 <br><br> Court of Appeals Case No. <br> 20A04-1601-CR-131 <br><br> Appeal from the <br> Elkhart Superior Court <br><br> The Honorable <br> Teresa L. Cataldo, Judge <br><br> Trial Court Cause No. <br> 20D03-0801-FC-8 |

**Kirsch, Judge.**

[1] Jesse E. Kaufman ("Kaufman") appeals the trial court's order revoking his probation and imposing his previously-suspended sentence. He raises the

following issue, which we restate as: whether the trial court erred in denying his motion to dismiss the State's petition to revoke his probation and in revoking his probation.

[2] We affirm.

## Facts and Procedural History

[3] On April 29, 2008, Kaufman pleaded guilty to two counts of sexual misconduct with a minor, each as a Class C felony. On July 18, 2008, the trial court sentenced him to eight years on each count, with the sentences to run consecutively, and the eight-year sentence on Count II to be suspended to probation. The trial court informed Kaufman of the various terms and conditions of his probation, including that he not have contact with any person under the age of eighteen, that he not leave Elkhart County without approval of his probation officer, and that he enroll in and successfully complete sex offender therapy.

[4] In early July 2011, the Indiana Department of Correction put Kaufman on parole. On July 5, 2011, Kaufman met with his probation officer, Melanie Godden ("Godden"), who reviewed Kaufman's terms of probation with him. One of the terms stated, "You must never be alone with or have contact with any person under the age of 18. Contact includes face-to-face, telephonic, written, electronic, or any indirect contact via third parties. . . ." *Appellant's App*. at 82. It was also reiterated that Kaufman was ordered to attend and successfully complete a sex offender treatment program and not to leave

Elkhart County without approval from his probation officer. After the terms were explained to him, Kaufman signed them.

[5]     On February 4, 2013, Kaufman requested that the trial court modify the terms of his probation because, since his release from incarceration, he had married and had a baby girl, and he sought to live with them. On the same date, the probation department asked the trial court to allow Kaufman to leave Elkhart County so that he could attend a therapy program. The trial court granted the probation department's request, but set Kaufman's motion for a hearing, which was continued several times. On July 16, 2013, the probation department filed a notice of probation violation due to Kaufman allegedly attempting to record a sex offender group counseling session, which was in violation of the program's rules. He was later found to have violated the terms of his probation, and as a sanction, the trial court ordered that Kaufman continue on probation as previously ordered.

[6]     On January 29, 2015, the probation department filed another petition alleging that Kaufman had violated the terms of his probation. At a hearing in April 2015, Kaufman orally moved to dismiss the petition to revoke his probation. The trial court directed Kaufman to file a written motion to dismiss. On May 21, 2015, Kaufman filed a motion, alleging that: (1) the probation department lacked jurisdiction over him because he was under exclusive jurisdiction of the parole board until his eight-year executed sentence was completed; and (2) he would be subjected to double jeopardy by being charged with the same allegation by the parole board and the probation department. *Appellant's App*. at

177-79. As support for his contention of lack of jurisdiction, Kaufman attached a letter from Godden in October 2014, informing him that he would not resume reporting probation until after he had completed his parole term and did not have to have appointments with Godden until he was released from parole. *Id.* at 181. Kaufman's motion to dismiss the petition to revoke his probation was denied by the trial court.

[7]     An evidentiary hearing was held on the petition to revoke Kaufman's probation. During the hearing, evidence was presented that the police had been notified that Kaufman had been harassing a seventeen-year-old girl by coming to the store where she worked. He had initiated a conversation with her and exchanged telephone numbers with her. Through several telephone calls and messages, Kaufman made sexual advances to the girl, and even when the girl distanced herself from him, he continued to visit the store where she worked. The trial court found that Kaufman had violated the terms of his probation and revoked the balance of his suspended sentence. Kaufman now appeals.

## Discussion and Decision

[8]     Probation is a matter of grace left to a trial court's discretion, not a right to which a criminal defendant is entitled. *McCauley v. State*, 22 N.E.3d 743, 746 (Ind. Ct. App. 2014), *trans. denied*. "Once a court has exercised its grace by ordering probation rather than incarceration, the judge has considerable leeway in deciding how to proceed." *Id*. at 746-47 (citing *Prewitt v. State,* 878 N.E.2d 184, 188 (Ind. 2007)). It is therefore within the discretion of the trial court to

determine probation conditions and to revoke probation if the conditions are violated. *Id.* at 747. Accordingly, a trial court's determinations on probation violations and sanctions are subject to review for abuse of discretion. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). We also review a trial court's denial of a motion to dismiss for an abuse of discretion. *Lebo v. State*, 977 N.E.2d 1031, 1035 (Ind. Ct. App. 2012). An abuse of discretion occurs where the decision is clearly against the logic and effects of the facts and circumstances before the court or when the trial court misinterprets the law. *Heaton*, 984 N.E.2d at 616.

[9]     Kaufman argues that the trial court erred in denying his motion to dismiss the petition to revoke his probation and in revoking his probation. He asserts that he had a due process right to be notified that his probation could be revoked for a violation of the conditions of his probation during his second release on parole. Kaufman contends that he received mixed messages about whether his probation could be revoked during this time and at the time he had contact with the seventeen-year-old girl, and thus, he did not have proper notice of his probation status, which was a violation of his due process rights. Due to this lack of notice, Kaufman claims that it was fundamental error to both deny his motion to dismiss and to revoke his probation.

[10]    In the present case, Kaufman filed his motion to dismiss, alleging that the petition to revoke his probation should be dismissed because the probation department lacked jurisdiction over him as he was under exclusive jurisdiction of the parole board until his eight-year executed sentence was completed and he would be subjected to double jeopardy by being charged with the same

allegation by the parole board and the probation department. *Appellant's App*. at 177-79. However, he did not raise the argument that his due process rights were violated because he lacked notice that he was under a probationary period when he committed his violations in 2015; he raises this issue for the first time on appeal before this court. A defendant is limited to the grounds advanced at trial and may not raise a new ground for objection for the first time on appeal. *King v. State*, 799 N.E.2d 42, 47 (Ind. Ct. App. 2003) (citing *Jackson v. State*, 712 N.E.2d 986, 988 (Ind. 1999)), *trans. denied*, *cert. denied*, 543 U.S. 817 (2004). Kaufman attempts to avoid waiver by claiming that the trial court committed fundamental error. The fundamental error doctrine is an exception to the general rule that the failure to object at trial constitutes a procedural default precluding consideration of an issue on appeal. *Jewell v. State*, 887 N.E.2d 939, 940 n.1 (Ind. 2008). The fundamental error exception to the waiver rule is an extremely narrow one. *Munford v. State*, 923 N.E.2d 11, 13 (Ind. Ct. App. 2010). It "applies 'only when the record reveals a clearly blatant violation of basic and elementary principles, where the harm or potential for harm cannot be denied, and which violation is so prejudicial to the rights of the defendant as to make a fair trial impossible.'" *Hollingsworth v. State*, 987 N.E.2d 1096, 1098 (Ind. Ct. App. 2013) (quoting *Jewell,* 887 N.E.2d at 942), *trans. denied*.

[11] Kaufman contends that the letter he received in October 2014 from Godden, informing him that he would not resume reporting probation until after he had completed his parole term and was not required to have appointments with Godden until he was released from parole, led him to believe that he would not

be subject to probation until 2016 when his parole term ended. Therefore, because he was misled by a lack of notice, the trial court committed fundamental error when it denied his motion to dismiss and revoked his probation. We disagree.

[12] On July 18, 2008, when Kaufman was sentenced for his original crimes, he was informed by the trial court of the various terms and conditions of his probation, including that he not have contact with any person under the age of eighteen. On July 5, 2011, Kaufman met with Godden, who reviewed Kaufman's terms of probation with him, one of which stated that he was never to be alone with or have contact with a person under the age of eighteen. In February 2013, Kaufman filed a request that the trial court modify the terms of his probation so that he could live with his wife and newborn daughter, and on the same date, the probation department asked the trial court to allow Kaufman to leave Elkhart County so that he could attend a therapy program. On July 16, 2013, the probation department filed a notice of probation violation due to Kaufman allegedly attempting to record a sex offender group counseling session, which was in violation of the program's rules. He was later found to have violated the terms of his probation, and as a sanction, the trial court ordered that Kaufman continue on probation as previously ordered. On January 29, 2015, the probation department filed another petition alleging that Kaufman had violated the terms of his probation for the instant actions of having contact with a person under eighteen years of age.

[13]   From the time of his sentencing, Kaufman was made aware of the terms of his probation and that he was subject to these terms, and the subsequent actions of requesting modifications of the probationary terms and being found to have violated probation, further demonstrate his awareness of being subject to the terms of probation thereafter. It is "well-established precedent that a defendant's probationary period begins immediately after sentencing." *Baker v. State*, 894 N.E.2d 594, 597-98 (Ind. Ct. App. 2008) (discussing a long line of cases holding that the probationary period begins immediately after sentencing). "Probation may be revoked at any time for a violation of its terms," which "includes revocation prior to the start of probation." *Champlain v. State*, 717 N.E.2d 567, 571 (Ind. 1999). We conclude that Kaufman has not shown that the trial court committed fundamental error in denying his motion to dismiss the petition to revoke his probation. As Kaufman does not argue that the evidence supporting the revocation of his probation was lacking, we also find that the trial court did not err in revoking his probation.

[14]   Affirmed.

May, J., and Crone, J., concur.