## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 29 2018, 10:52 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John T. Wilson
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael G. Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Zachary Allen Fix, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | August 29, 2018 <br><br> Court of Appeals Case No. 18A-CR-268 <br><br> Appeal from the Madison Circuit Court <br><br> The Honorable Thomas Newman, Jr., Judge <br><br> Trial Court Cause No. 48D03-1009-FB-422 |

**Sharpnack, Senior Judge.**

# Statement of the Case

Zachary Allen Fix appeals the sentence imposed by the trial court after he admitted to violating the terms of his community corrections placement. We affirm.

# Issue

Fix raises one issue, which we restate as: whether the trial court abused its discretion in ordering him to serve the balance of his previously-suspended sentence.

# Facts and Procedural History

In 2011, Fix pleaded guilty to burglary as a Class B felony and theft as a Class D felony. In exchange for his guilty plea, the parties agreed that the executed portion of his sentence would be capped at six years. The court accepted the plea agreement and sentenced Fix to twenty years, with fourteen years suspended.

Fix was released from prison in 2012 and placed on probation. On October 23, 2012, the State filed a notice of violation of probation. During a January 7, 2013 hearing, Fix admitted he violated the terms of his probation by failing to pay court costs and by using marijuana. The trial court revoked Fix's probation and ordered him to serve his previously-suspended sentence in the Indiana Department of Correction (DOC).

In 2014, Fix filed a motion to reinstate probation. The court held a hearing and denied his petition because he had committed misconduct while in the DOC. In April 2015, Fix filed a motion to modify placement. The court denied Fix's motion in June 2015. Fix participated in several programs while at the DOC, including purposeful incarceration.

On October 4, 2016, Fix filed a motion to modify his sentence. The court held a hearing and granted the motion, sending Fix to the Madison County Community Transition Program. Fix completed the program and was placed in Madison County's Adult Day Reporting Program on March 14, 2017.

On May 4, 2017, the community corrections program filed a notice of violation, alleging Fix had failed to attend two scheduled appointments with his case manager. On August 15, 2017, the community corrections program filed a second notice of violation, alleging Fix violated the terms of his placement by: (1) failing to pay fees; (2) testing positive for methamphetamine; (3) committing a new offense, specifically battery on a public service officer, a felony; and (4) being incarcerated in the Madison County jail.

The court held an evidentiary hearing, during which it was revealed that Fix had committed battery against two public service officers when they took him into custody for failing a drug screen, causing the State to file a new criminal case. It was further revealed that Fix had committed another battery during the same span of time, against the mother of his child, resulting in yet another criminal case.

[9] The trial court held a hearing, during which Fix admitted that he had used methamphetamine and had committed battery as alleged in the notice of violation. Based on Fix's admissions, the court terminated his community corrections placement and ordered him to serve the remainder of his previously-suspended sentence in the DOC, to be served consecutively to his sentences in the battery cases. This appeal followed.

## Discussion and Decision

[10] Fix contends the trial court should not have ordered him to serve the balance of his previously-suspended sentence in the DOC, claiming that a term of probation would allow him to obtain substance abuse treatment.

[11] Placement in either probation or a community corrections program is "'a matter of grace and a conditional liberty that is a favor, not a right.'" *State v. Vanderkolk*, 32 N.E.3d 775, 777 (Ind. 2015) (quoting *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999)). When a probationer violates a term of probation, the court may: (1) continue the person on probation, with or without modifying the conditions; (2) extend the probationary period; or (3) order execution of all or part of the previously-suspended sentence. Ind. Code § 35-38-2-3(h) (2015).

[12] A reviewing court treats a petition to revoke placement in a community corrections program the same as a petition to revoke probation. *McCauley v. State*, 22 N.E.3d 743, 746 (Ind. Ct. App. 2014), *trans. denied*. A trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). An abuse

of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[13] Fix committed numerous serious offenses while in community corrections, including using methamphetamine and committing multiple batteries. This was not the first time Fix abused an alternative to incarceration because he used marijuana while on probation in 2012. Fix has demonstrated that he will not refrain from using controlled substances when not at the DOC. He can seek substance abuse treatment while incarcerated. Based on this record, the trial court acted well within its discretion in ordering Fix to serve the remainder of his previously-suspended sentence at the DOC.

# Conclusion

[14] For the reasons stated above, we affirm the judgment of the trial court.

[15] Affirmed.

Bailey, J., and Brown, J., concur.