## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 25 2019, 8:24 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald R. Shuler
Barkes, Kolbus, Rife & Shuler, LLP
Goshen, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Assistant Section Chief,
Criminal Appeals

George P. Sherman
Josiah J. Swinney
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Willie J. Holmes, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | January 25, 2019 <br><br> Court of Appeals Case No. <br> 18A-CR-1565 <br><br> Appeal from the Elkhart Superior Court <br><br> The Honorable Gretchen S. Lund, Judge <br><br> Trial Court Cause No. <br> 20D04-1505-F5-113 |

**Mathias, Judge.**

[1] Willie Holmes's ("Holmes") probation was revoked in Elkhart Superior Court, and he was ordered to serve the remainder of his 1095-day sentence in the Department of Correction ("the DOC"). Holmes appeals and argues that the trial court abused its discretion when it ordered him to serve his sentence in the DOC.

[2] We affirm.

## Facts and Procedural History

[3] In 2017, Holmes pleaded guilty to being an habitual traffic violator, a Level 5 felony. On March 1, 2017, Holmes was ordered to serve 1095 days in community corrections at the Ducomb Center. Shortly after he was sentenced, Holmes violated the terms of his commitment at the Ducomb Center. Therefore, he was ordered to serve his remaining sentence through Elkhart County Community Corrections.

[4] On January 8, 2018, Holmes became eligible for work release, which he began on January 17, 2018. As a condition of work release, Holmes signed a work release agreement that listed the rules and regulations of the work release program.

[5] Two days after he began serving his sentence on work release, Holmes violated a work release rule. He then amassed nine additional violations of the work release program rules in approximately one month. His violations included lying to the staff of the work release facility, possessing contraband, refusing to return to his ward during a lockdown, and refusing to submit to a drug screen.

Holmes admitted to the violations but attempted to excuse his failure to follow the work release rules.

[6] Elkhart County Community Corrections filed a notice of probation violation with the trial court on February 26, 2018. A hearing was held on June 5, 2018, and the trial court found that Holmes had violated the terms of his work release placement. After making note of Holmes's history of criminal behavior and his recent pattern of disruptive and insubordinate behavior toward community corrections officers, the court revoked Holmes's community corrections placement and ordered him to serve 715 days, the balance of his 1095-day sentence, in the DOC. Holmes now appeals.

## Discussion and Decision

[7] If a defendant violates the terms of his community corrections placement, the community corrections director may, among other things, request that the trial court revoke the placement and commit the defendant to the DOC. Ind. Code § 35-38-2.6-5. *See also Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999) (quoting *Million v. State*, 646 N.E.2d 998, 1002 (Ind. Ct. App. 1995) (explaining that a "defendant is not entitled to serve a sentence in either probation or a community corrections program" because "placement in either is a 'matter of grace' and a 'conditional liberty that is a favor, not a right'"). Our court treats a petition to revoke placement in community corrections the same as a petition to revoke probation, meaning we will not reverse the trial court's decision unless it

is clearly against the logic and effects of the facts and circumstances. *McCauley v. State*, 22 N.E.3d 743, 747 (Ind. Ct. App. 2014), *trans. denied*.

[8]     A revocation hearing is civil in nature, and the State need only prove an alleged violation by a preponderance of the evidence. *Monroe v. State*, 899 N.E.2d 688, 691 (Ind. Ct. App. 2009). We will consider all the evidence supporting the judgment of the trial court without reweighing that evidence or judging the credibility of the witnesses. *Id.* If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of probation or community corrections placement, we will affirm the court's decision to revoke. *Id.*

[9]     Holmes concedes that he violated the terms of his community corrections placement. However, he argues that the trial court abused its discretion when it ordered him to serve the remainder of his sentence in the DOC because he admitted his violations and he did not violate the rules of his work release program "out of a wanton disregard or disrespect for the rules of his placement." Appellant's Br. at 10. Holmes also argues that "the fact that he secured a job and maintained it during his placement at the Work Release center indicates his good faith about his placement and his character, and points to the incident being minor bumps in the road." *Id.* at 10–11.

[10]    The trial court gave a thorough and thoughtful statement supporting its decision to order Holmes to serve the remainder of his sentence in the DOC. The court considered Holmes's disciplinary record in the jail, his misconduct and rules

violations at the Ducomb Center and in the work release program, and his pattern of insubordinate behavior toward law enforcement and community corrections officials. Tr. pp. 56–60. The record in this case establishes Holmes's inability to comply with community corrections rules for any significant length of time and his general lack of respect for law enforcement officials. For this reason, we conclude that the trial court acted within its broad discretion when it revoked Holmes's community corrections placement and ordered him to serve the remainder of his sentence in the DOC.

[11] Affirmed.

Vaidik, C.J., and Crone, J., concur.