## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 14 2019, 7:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Megan E. Shipley
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tracy Allen Perry, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | March 14, 2019 <br><br> Court of Appeals Case No. 18A-CR-2484 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Grant W. Hawkins, Judge <br><br> The Honorable Peggy R. Hart, Magistrate <br><br> Trial Court Cause No. 49G05-1512-F5-45370 |

**Bailey, Judge.**

# Case Summary

[1] Tracy Perry ("Perry") admitted that he violated the terms of his home detention placement by committing a new criminal offense. The trial court revoked Perry's home detention and ordered that he serve the balance of his four-year sentence in the Indiana Department of Correction ("the DOC"). Perry presents a single issue on appeal: whether the trial court abused its discretion in imposing the sanction. We affirm.

# Facts and Procedural History

[2] On December 22, 2015, the State charged Perry with Battery by Means of a Deadly Weapon, a Level 5 felony. The State alleged that Perry had intentionally burned Latrice Warren by using a propane torch. On May 19, 2016, Perry pled guilty to the charge against him. He was sentenced to four years, to be executed on home detention.

[3] On June 2, 2016, Marion County Community Corrections ("Community Corrections") filed a Notice of Violation alleging that Perry had failed to charge the battery on his GPS monitoring device on three separate occasions. Perry admitted to committing the violations and he was continued on home detention.

[4] On August 24, 2016, Community Corrections filed a Notice of Violation alleging that Perry had been charged with a new criminal offense, had failed to comply with monetary obligations, and had failed to report to court-ordered

appointments. Perry admitted to failure to comply with monetary obligations and the State withdrew the other allegations. Perry was continued on home detention.

[5] On February 2, 2017, Community Corrections filed a Notice of Violation alleging that Perry left his residence without authorization on two separate occasions and had failed to maintain contact with Community Corrections and report to court-ordered appointments. Again, Perry admitted to the violations and was continued on home detention.

[6] On December 12, 2017, Community Corrections filed a Notice of Violation alleging that Perry had damaged his GPS monitoring device, left his residence without authorization, was non-compliant with monetary obligations, and failed to report to Community Corrections. Again, Perry admitted to the violations and was continued on home detention.

[7] On July 21, 2018, Perry was arrested. He was convicted of battery on September 14, 2018. On September 19, 2018, the State moved to revoke Perry's home detention placement and Perry admitted that he had been convicted of battery while serving his home detention. The trial court revoked Perry's home detention placement and ordered that he serve the balance of his four-year term in the DOC.[1] Perry appeals.

---

[1] The trial court calculated Perry's credit time as 947 actual days served on home detention and an additional 316 days of earned credit time.

# Discussion and Decision

[8] "A reviewing court treats a petition to revoke placement in a community corrections program the same as a petition to revoke probation." *McCauley v. State*, 22 N.E.3d 743, 746 (Ind. Ct. App. 2014). Probation revocation is a two-step process. First, the court determines whether the terms of probation have been violated and second, the court determines the appropriate sanctions for the violation. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013).

[9] Perry does not challenge the determination that he violated the terms of his home detention placement. Rather, he argues that the sanction imposed upon him was unduly harsh given his physical infirmities and his desire to avoid disruption of his disability income and housing. We review the imposition of sanctions for an abuse of discretion. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

[10] Perry, who has four prior felony convictions and sixteen prior misdemeanor convictions, was placed on home detention after he pled guilty to burning a woman with a propane torch. At hearings conducted on June 6, 2016, November 2, 2016, April 5, 2017, and February 7, 2018, Perry admitted to successive violations of the terms of his home detention placement. On September 14, 2018, Perry was again convicted of battery. On September 19, 2018, Perry admitted that conduct. Despite leniency afforded him on numerous occasions, Perry has continued his pattern of violating the conditions of his

home detention placement. The trial court's decision that Perry serve the remainder of his sentence in the DOC is not contrary to the facts and circumstances before it.

# Conclusion

[11] The trial court did not abuse its discretion in revoking Perry's home detention and ordering that he serve the remainder of his sentence in the DOC.

[12] Affirmed.

Bradford, J., and Brown, J., concur.