Melisa L. MATHEWS, Appellant–
Respondent,

v.

STATE of Indiana, Appellee–Petitioner.

No. 01A02–0901–CR–44.

Court of Appeals of Indiana.

June 18, 2009.

Rehearing Denied Aug. 6, 2009.

Patricia Caress McMath, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, James E. Porter, Deputy Attorney General, Attorneys for Appellee.

## OPINION

BAKER, Chief Judge.

Appellant-respondent Melisa L. Mathews appeals the revocation of her probation following a fact-finding hearing at which she was not present, arguing that her right to due process under the Indiana and United States Constitutions was violated. Mathews also contends that the trial court erred in ordering Mathews to serve three years and 216 days imprisonment after revoking her probation. We affirm in part and remand with instructions that the trial court explain how it calculated Mathews's sentence and, if necessary, recalculate the amount of time she is to serve.

### FACTS

On April 10, 2002, Mathews was arrested and charged with operating a vehicle with a BAC of .15 or more and operating a vehicle while intoxicated endangering a person, both as class A misdemeanors. The State also alleged that Mathews was a habitual offender. On July 14, 2003, pursuant to a plea agreement, Mathews pleaded guilty to class D felony operating with a BAC of .15 or higher and admitted to being a habitual offender. The trial court imposed an eight-year aggregate sentence, with seven years suspended to probation. On March 15, 2004, Mathews was released from incarceration and began serving her probation. On August 25, 2004, the State filed a petition alleging that Mathews had violated the terms of her probation. On September 16, 2004, pursuant to a plea agreement in a different cause, Mathews pleaded guilty to additional charges and admitted that she had violated probation in the cause at issue herein. The trial court revoked three and one-half years of the suspended seven-year sentence. Mathews was released from incarceration on November 25, 2005.

On May 12, 2006, Mathews was seen by an off-duty police officer leaving a package liquor store carrying a twelve-pack of beer, which violated the condition of her probation prohibiting her presence in any establishment offering alcoholic beverages for sale. A resulting probation violation petition was filed on June 26, 2006. On July 20, 2006, Mathews appeared for her initial hearing and requested counsel be appointed for her. The trial court ordered her to appear at a fact-finding hearing scheduled for August 28, 2006. On July 26, 2006, a public defender filed an appearance and motion to continue on Mathews's behalf. The trial court granted Mathews's motion, and the fact-finding hearing was moved to September 18, 2006. Mathews failed to appear at the September 18 hearing. Defense counsel requested a continuance, but it was denied. The trial court heard the evidence and found that Mathews had violated her probation. A warrant for her arrest was issued.

On November 21, 2008, Mathews was arrested. At a penalty hearing on December 5, 2008, Mathews indicated she had been living in Las Vegas, Nevada, for the past two years. It is unclear from the record whether she relocated to Nevada before or after the September 18 fact-finding hearing. At the penalty hearing, Mathews waived her right to counsel and was ordered to serve three years and 216 days with fifteen days credit. Mathews now appeals the revocation of her suspended sentence and the trial court's calculation of the sentence.

## DISCUSSION AND DECISION

### I. Due Process Claim

■ Mathews argues that her due process rights were violated when the trial court held a fact-finding hearing and revoked her probation in her absence. A probation revocation hearing is in the nature of a civil action, and is not to be equated with an adversarial criminal proceeding. *Grubb v. State*, 734 N.E.2d 589, 591 (Ind.Ct.App.2000). To this end, a probationer is entitled to some, but not all, of the rights afforded to a criminal defendant. *Id.* Probation is a favor granted by the State, pursuant to which the criminal defendant agrees to abide by specific conditions to avoid imprisonment. *Carswell v. State*, 721 N.E.2d 1255, 1258 (Ind.Ct.App. 1999). Probation is not a right to which a criminal defendant is entitled, and the probationer's liberty is conditional upon her adherence to these restrictions. *Id.* However, probation revocation implicates the probationer's liberty interest and the probationer is entitled to some procedural due process. *Cox v. State*, 850 N.E.2d 485, 488 (Ind.Ct.App.2006). These protections, however, do not rise to the level of protections afforded to criminal defendants. *Id.* A probationer is entitled to: (a) a written notice of the claimed violations, (b) disclosure of the evidence against her, (c) the opportunity to be heard in person and present witnesses and evidence, (d) the right to confront and cross-examine witnesses, (e) a "neutral and detached" hearing body, and (f) a written statement by the factfinder regarding the evidence relied upon and reason for revocation. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008).

■ A probation revocation hearing is a two-part process. *Cox*, 850 N.E.2d at 488. First, the trial court must make a factual determination that a violation has, in fact, occurred. To that end, the court is required to hold an evidentiary hearing, allowing the probationer to confront and cross-examine the witnesses. *Id.; see also* Ind.Code § 35–38–2–3(d). The court must then determine whether the violation warrants revocation. Mathews argues that her due process rights were violated be-

cause she was not given the opportunity to be present at the first step of this process.

 The Sixth Amendment to the United States Constitution and Article I, Section 13 of the Indiana Constitution provide a criminal defendant the right to be present at trial. *Freeman v. State,* 541 N.E.2d 533, 535 (Ind.1989). The defendant may choose to waive this right, provided it is a knowing and voluntary waiver. *Lampkins v. State,* 682 N.E.2d 1268, 1273 (Ind.1997). The burden to prove a defendant's waiver is on the State. *Phillips v. State,* 543 N.E.2d 646, 648 (Ind.Ct.App. 1989) (citing *Schneckloth v. Bustamonte,* 412 U.S. 218, 237, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)). The best evidence that a waiver was knowing and voluntary is the defendant's presence in court during the hearing at which the trial court sets the date of the defendant's trial. *Lampkins,* 682 N.E.2d at 1273. Under those circumstances, when the defendant fails to appear for trial and fails to notify the court or provide the court with an explanation for her absence, the trial court may conclude the defendant's absence is knowing and voluntary and may proceed with the trial *in absentia. Freeman* 541 N.E.2d at 535. This ensures that a defendant is not permitted to manipulate the system by intentionally not showing up for trial. *Jackson v. State,* 868 N.E.2d 494, 497 (Ind. 2007).

As a probationer in a civil probation revocation proceeding, Mathews's due process rights are no greater than that of a criminal defendant. Applying the stricter criminal standard, we must consider whether Mathews knowingly and voluntarily waived her right to be present at the September 18, 2006, fact-finding hearing. Our Supreme Court has stated that while failure to appear in court is not dispositive of a defendant's intent to waive her right to be present, the trial court may examine the facts and determine that a knowing

and voluntary waiver has occurred and proceed *in absentia. Freeman* 541 N.E.2d at 535. Our Supreme Court then noted that the best evidence of a knowing and voluntary waiver is the presence of the defendant in court when the trial court scheduled the date of the hearing or trial. *Lampkins,* 682 N.E.2d at 1273. Mathews was present in court on July 20, 2006, when the initial fact-finding hearing date was set for August 28, 2006. Although Mathews was not present when the motion to continue was filed on July 26, 2006, her attorney was there and knew that the hearing had been rescheduled for September 18. Moreover, Mathews did not appear in court on August 28, 2006. Had Mathews appeared on August 28, she would have been informed of the rescheduled fact-finding hearing, and, therefore, received notice to appear on September 18, 2006. Under these circumstances, we find that the trial court did not err in determining Mathews had knowingly and voluntarily waived her right to be present at the fact-finding hearing and proceeding *in absentia.* Thus, Mathews's due process claim fails.

## II. Calculation of Sentence

As for the duration of the sentence, the trial court ordered Mathews to serve three years and 216 days. The State argues Mathews has four years and 224 days remaining on her suspended sentence, while Mathews argues she has three years and 180 days remaining. It is unclear from the record how the trial court calculated Mathews's sentence. It is also unclear from the record whether Mathews earned and received credit for completion of both her G.E.D. and alcohol rehabilitation classes while incarcerated. We remand this issue with instructions that the trial court report back to us within thirty days, explaining how it calculated Mathews's sentence and, if necessary, recalculate the amount of time she is to serve. A hearing is not

necessary and the trial court should rule on the documents in the record.

We affirm in part and remand with instructions.

MAY, J., and BARNES, J., concur.