## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Feb 09 2015, 5:57 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Megan B. Quirk
Muncie, Indiana

ATTORNEY FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Graham T. Youngs,
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Neil A. Clements,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 9, 2015

Court of Appeals Case No.
18A04-1406-CR-268

Appeal from the Delaware Circuit Court

The Honorable Marianne L. Vorhees, Judge

Cause No. 18C01-1307-FC-45

## Mathias, Judge.

[1]     On August 19, 2013, Neil Clements ("Clements") pleaded guilty to Class C felony nonsupport of a dependent. The trial court sentenced Clements to six years, with two years executed in Delaware County Community Corrections and four years suspended to probation. After Clements failed to report to

community corrections pending placement on electronic home detention and failed to have a landline telephone installed at his home, the trial court revoked his direct commitment to community corrections and ordered him to serve his previously suspended sentence.

[2] Clements now appeals the trial court's revocation of his direct commitment, arguing that the State failed to provide sufficient evidence to support the revocation.

[3] We affirm.

# Facts and Procedural History

[4] On April 10, 2003, Clements was ordered to pay $53 per week in child support. During the next seven years, Clements paid a total of only $316 in child support and ceased making payments altogether in May 2010. By January 21, 2013, Clements owed $27,138 in past-due child support.

[5] On July 1, 2013, the State charged Clements with Class C felony nonsupport of a dependent child. On August 19, 2013, Clements agreed to plead guilty to the charge and to make weekly payments of $103 for his current and past-due child support obligation. Pursuant to the agreement, the court sentenced Clements to two years executed in Delaware County Community Corrections and four years of supervised probation. The terms of Clements's direct commitment included requirements that he "report [to community corrections] for Daily Reporting" and "obtain[] a landline telephone." Appellant's App. p. 45.

[6] Approximately three months later, on November 8, 2013, the State filed a petition to revoke Clements's executed sentence, alleging that Clements failed to report for daily reporting and failed to obtain a landline telephone. The trial court held a fact-finding hearing on May 14, 2014. At the hearing, Jennifer Davis ("Davis"), a home detention supervisor with Delaware County Community Corrections, testified that Clements had not reported to community corrections since October 30, 2013. Davis also testified that Clements never obtained a landline telephone and was never placed on electronic home monitoring because of his failure to pay the associated fees. During his testimony, Clements admitted both allegations. He also testified that, because he had never been paid for work he had performed for various employers, he had been unable "get the money up for home detention" and that was why he did not have a landline installed and failed to report to community corrections. Tr. p. 6. Following the hearing, the trial court determined that Clements had violated the terms of his direct commitment by failing to report and failing to obtain a landline telephone.

[7] The parties agreed to hold a dispositional hearing immediately following the fact-finding hearing. At the hearing, the State presented evidence that Clements had not made any child support payments from April 13, 2013, to May 13, 2014. Clements testified that he failed pay any child support because "there was no income coming in whatsoever." Tr. p. 13. At the conclusion of the dispositional hearing, the trial court found that Clements has a criminal history, including "past cases where he was given a direct commitment, did not report,

did not get signed up and put on the direct commitment, electronic home detention." Tr. p. 17. The court also found that Clements is "able-bodied [and] capable of earning income." *Id*. The court ordered Clements to serve four years of his previously suspended sentence in the Department of Correction and the remaining two years on probation.

Clements now appeals.

# Discussion and Decision

Clements argues the trial court had insufficient evidence to revoke his commitment to community corrections. Specifically, he argues that the State failed to prove that he "recklessly, knowingly, or intentionally failed to pay" child support as ordered. Appellant's Br. at 10.

A reviewing court treats a petition to revoke placement in a community corrections program the same as a petition to revoke probation. *Bass v. State*, 91A N.E.2d 482, 488 (Ind. Ct. App. 2012). Probation is a matter of grace left to a trial court's discretion, not a right to which a criminal defendant is entitled. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). Once a court has exercised its grace by ordering probation rather than incarceration, the judge has considerable leeway in deciding how to proceed. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Accordingly, a court's probation decision is subject to review for abuse of discretion. *Smith v. State*, 963 N.E.2d 1110, 1112 (Ind.

2012). An abuse of discretion occurs where the decision is clearly against the logic and effects of the facts and circumstances before the court. *Id*.

[11]   When the sufficiency of evidence is challenged, we will neither "reweigh the evidence nor reassess witness credibility." *Whatley v. State*, 847 N.E.2d 1007, 1010 (Ind. Ct. App. 2006). Rather, we look to the evidence most favorable to the State and affirm the judgment if "there is substantial evidence of probative value supporting revocation." *Id.* The State's burden of proof regarding alleged probation violations is proof by a preponderance of the evidence. *Id*.

[12]   It is well settled that violation of a single condition of probation is sufficient to revoke probation. *See Baxter v. State*, 774 N.E .2d 1037, 1044 (Ind. Ct. App. 2002), *trans. denied*. Davis testified that Clements had violated the terms of his direct commitment by failing to report and failing to install a landline in his residence. Clements himself testified that he failed to meet both of these requirements. This evidence was sufficient to show that Clements violated the terms of his direct commitment. Clements argues that the trial court had insufficient evidence that his failure to pay child support was reckless, knowing, or intentional. However, this argument is beside the point because evidence as to the reason for his failure to pay child support did not serve as a basis for the trial court's revocation of Clements's commitment to community corrections. Indeed, the trial court did not consider evidence of Clements's most recent failure to pay child support until the dispositional hearing, after it had already revoked Clements's direct commitment.

[13] Clements also argues that his due process rights were violated because he was not allowed "an opportunity to present facts and explanation regarding his alleged resources, employment circumstances, inability to pay, and efforts to make the required payments," noting that his dispositional hearing was held immediately after his revocation hearing. Appellant's Br. at 16.

[14] The Fourteenth Amendment's Due Process Clause applies to probation revocation proceedings. *Bass v. State*, 974 N.E.2d at 486. However, a probation revocation proceeding is in the nature of a civil action and is not to be equated with an adversarial criminal proceeding. *Mathews v. State*, 907 N.E.2d 1079, 1081 (Ind. Ct. App. 2009). Therefore, a probationer is entitled to some, but not all, of the rights afforded to a criminal defendant. *Id.* "[T]he due process requirements expressed by this court for probation revocations are also required when the trial court revokes a defendant's placement in a community corrections program." *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999).

[15] Here, Clements was entitled to (a) a written notice of the claimed violations, (b) disclosure of the evidence against him, (c) the opportunity to be heard in person and present witnesses and evidence, (d) the right to confront and cross-examine witnesses, (e) a neutral and detached hearing body, and (f) a written statement by the factfinder regarding the evidence relied upon and reason for revocation. *Mathews*, 907 N.E.2d at 1081. We see no due process violation in this case. Clements's attorney agreed to hold the dispositional hearing immediately following the revocation hearing, and Clements was permitted to, and did, testify on his own behalf at the dispositional hearing.

[16] For all of these reasons, we affirm the trial court's revocation of Clements's direct commitment.

[17] Affirmed.

Najam, J., and Bradford, J. concur.