# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 15 2020, 6:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Adam C. Squiller
John M. Haecker
Squiller & Hamilton, LLP
Auburn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Matthew A. Sokolowski, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff* | April 15, 2020 <br><br> Court of Appeals Case No. 19A-CR-2334 <br><br> Appeal from the DeKalb Superior Court <br><br> The Honorable Monte L. Brown, Judge <br><br> Trial Court Cause No. 17D02-1706-F5-39 |

**May, Judge.**

[1] Matthew A. Sokolowski appeals the revocation of his probation. He raises four issues for our review, which we reorder and restate as: (1) whether a condition

of Sokolowski's probation was unconstitutionally vague; (2) whether the trial court abused its discretion in admitting hearsay evidence; (3) whether the State presented sufficient evidence that Sokolowski violated a condition of probation; and (4) whether Sokolowski was given an opportunity to present mitigating evidence. We affirm.

# Facts and Procedural History[1]

[2] On August 27, 2018, pursuant to a plea agreement, Sokolowski pled guilty to child exploitation, a Level 5 felony,[2] and the trial court imposed a five-year sentence, all suspended to probation except for time already served. As a condition of his probation, Sokolowski was required to abide by several of the Indiana Special Probation Conditions for Adult Sex Offenders. Condition Ten ("Condition Ten") stated:

> You shall attend, actively participate in and successfully complete a Court-approved sex offender treatment program as directed by the Court. Prompt payment of any fees is your responsibility and you must maintain steady progress towards all treatment goals as determined by your treatment provider.

---

[1] Indiana Rule of Appellate Procedure 46(A)(6) provides that an appellant's brief "**shall** describe the facts relevant to the issues presented for review but need not repeat what is in the statement of the case [and the] statement shall be in a narrative form and shall not be a witness by witness summary of the testimony." (emphasis added). Sokolowski's statement of the facts states only, "Additional facts will be supplied in the argument section below." (Appellant's Br. at 5.) This Statement of the Facts is insufficient. It is not in narrative form, and it utterly fails to provide information and context regarding the underlying events. This inhibits our review. We remind appellant's counsel that briefs must comply with the Indiana Rules of Appellate Procedure.

[2] Ind. Code § 35-42-4-4.

> Unsuccessful termination from treatment or non-compliance
> with other required behavioral management requirements will be
> considered a violation of your probation. You will not be
> permitted to change treatment providers unless the Court gives
> you prior written approval.

(App. Vol. II at 138.) Sokolowski initially began serving his probation in DeKalb County, but the court transferred his probation to Elkhart County in November 2018. The Elkhart County Probation Department also required Sokolowski to abide by Condition Ten, and Sokolowski regularly attended his sex offender treatment sessions.

[3] After a few months of therapy, Kerry Guernsey, Sokolowski's sex offender treatment therapist at Spectra Counseling, LLC, wrote a letter to Melanie Godden, Sokolowski's probation officer, describing Sokolowski's disclosures and demeanor during therapy sessions. She wrote that Sokolowski "frequently presents with an aggressive attitude, minimizes his offense and need for treatment, identifies blatant disregard for his terms of probation and treatment skills, and contaminates the group process." (State Ex. 1.) During a therapy session on May 23, 2019, Sokolowski disclosed he traveled to Michigan while on probation. He acknowledged using the social media websites Tinder and Instagram, and he reported that he engaged in oral sex with a woman. He also described pushing his minor sister, and he discussed getting into physical altercations with his fiancé. Guernsey noted that before the May 23, 2019, therapy session, she had "expressed concerns to Mr. Sokolowski regarding his lack of compliance with treatment and probation terms, presentation in group,

emotional lability, contaminating factor in group, and possible lack of amenability to treatment." (*Id.*) Guernsey suspended Sokolowski from treatment.

[4] The State filed a petition to revoke Sokolowski's probation on May 28, 2019. At the evidentiary hearing on the State's petition, Guernsey testified regarding Sokolowski's disclosures and demeanor during treatment sessions. Sokolowski objected on hearsay grounds to admission of the letter Guernsey sent to Godden, but the trial court overruled his objection. Michael Mobley, the Elkhart County chief probation officer, testified at the evidentiary hearing because Godden left her probation officer position prior to the hearing. Sokolowski objected to Mobley's testimony on the ground that it was unreliable hearsay. He also objected on hearsay grounds to admission of a letter written to Guernsey describing the results of Sokolowski's sexual history polygraph examination.

[5] Sokolowski testified at the hearing. He denied violating any condition of his probation. Sokolowski said he believed he was making progress and he was willing to cooperate with sex offender treatment. He testified that he was employed doing landscaping, and he was living with his fiancé and son. On September 6, 2019, the trial court revoked Sokolowski's probation because Sokolowski "was removed from his sex offender counseling program contrary to paragraph 10 of both sets of Rules of Probation and failed to maintain steady progress toward all treatment goals as required by said Rule." (App. Vol. II at

227.)  The court ordered Sokolowski to serve the balance of his sentence in the Indiana Department of Correction.

# Discussion and Decision

## 1. Constitutionality of Condition Ten

[6] "Probation is a criminal sanction wherein a convicted defendant specifically agrees to accept conditions upon his behavior in lieu of imprisonment." *Carswell v. State*, 721 N.E.2d 1255, 1258 (Ind. Ct. App. 1999).  "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled."  *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007).  Trial courts are afforded broad discretion in fashioning probation conditions. *Bratcher v. State*, 999 N.E.2d 864, 873 (Ind. Ct. App. 2013), *trans. denied*. However, the conditions must be reasonably related to treatment of the defendant and public safety.  *Id*.  We will not set aside a probation condition unless the trial court abuses its discretion.  *Id*.  "An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances."  *Prewitt*, 878 N.E.2d at 188.

[7] Sokolowski argues Condition Ten "is impermissibly vague or overbroad because it imposes no specific deadline for completion of the program, does not give any guidance as [to] the nature of the required participation, and does not

define the term 'steady progress.'" (Appellant's Br. at 8.)[3] "A probationer has a due process right to conditions of supervised release that are sufficiently clear to inform him of what conduct will result in his being returned to prison." *McVey v. State*, 863 N.E.2d 434, 447 (Ind. Ct. App. 2007), *reh'g denied*, *trans. denied*. Condition Ten's requirement that Sokolowski "shall attend, actively participate in and successfully complete a Court-approved sex offender treatment program" indicates that the program must be completed during the term of Sokolowski's probation. (Appendix Vol. II at 138, 164.)

[8] Condition Ten's terms also make clear that merely attending therapy sessions is not enough. Rather, Sokolowski must "actively participate," promptly pay fees, and "maintain steady progress towards all treatment goals as determined by [his] treatment provider." (*Id.*) The plain language of Condition Ten notifies Sokolowski that his treatment provider will set goals for him and that he needs to work toward achieving those goals. It also alerts Sokolowski that "[u]nsuccessful termination from treatment . . . will be considered a violation of your probation." (*Id.*)

[9] Condition Ten adequately conveyed to Sokolowski what behavior would result in revocation. Guernsey even talked to him about his lack of compliance and inappropriate behavior, but he continued to fail to progress in his treatment.

---

[3] Sokolowski also raises an argument that there is no evidence the program he attended was a court-approved program as required by Condition Ten. However, we are unpersuaded by this argument. The probation department initially contacted Guernsey on Sokolowski's behalf. Presumably, the probation department did so because she administered an approved program.

Sex offender treatment serves the public interest because it is designed to prevent sex offenders from reoffending. *Cf. Matter of Ma. H.*, 134 N.E.3d 41, 50 (Ind. 2019) (holding termination of Father's parental rights was not clearly erroneous when Father failed to complete sex offender treatment following finding by CHINS court that he sexually abused his stepdaughter). Thus, we hold Condition Ten was not unconstitutionally vague, and the trial court did not abuse its discretion by imposing it on Sokolowski. *See Patton v. State*, 990 N.E.2d 511, 517 (Ind. Ct. App. 2013) (holding probation condition prohibiting defendant from accessing websites frequented by children was not unconstitutionally vague).[4]

## 2. Admission of Hearsay Evidence

[10] Sokolowski argues the trial court abused its discretion in admitting into evidence the letter from Guernsey to Godden, Mobley's testimony, and a letter addressed to Guernsey describing the results of a polygraph examination. He argues the trial court admitted "unreliable and not substantially trustworthy" hearsay evidence. (Appellant's Br. at 11.) We review a trial court's ruling on the admission of evidence for an abuse of discretion. *Peterson v. State*, 909 N.E.2d 494, 499 (Ind. Ct. App. 2009). The erroneous admission of evidence

---

[4] To the extent Sokolowski raises an overbreadth argument, such an argument is misplaced because Condition Ten imposes an affirmative duty on Sokolowski. It does not prohibit Sokolowski from engaging in certain conduct. *See Patton*, 990 N.E.2d at 516 (holding defendant failed to demonstrate probation condition was overly broad because he did "not identify a single activity or other conduct that is prohibited by the probation condition but unrelated to [activity meant to be prohibited by the condition]").

amounts to harmless error unless the admission affects the substantial rights of a party. *See* Ind. Appellate Rule 66(A); *see also Crawford v. State*, 770 N.E.2d 775, 779 (Ind. 2002) ("Errors in the admission or exclusion of evidence are to be disregarded as harmless error unless they affect the substantial rights of a party.").

[11] Probationers are not entitled to the full array of rights given to a criminal defendant, but they are entitled to certain due process protections prior to the revocation of their probation. *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999), *reh'g denied*. Among these due process protections is the right to confront and cross-examine witnesses. *Id.* Indiana Rule of Evidence 101(d) provides that, except for rules involving privileges, the Indiana Rules of Evidence do not apply in probation revocation hearings. In the probation revocation context, "judges may consider any relevant evidence bearing some substantial indicia of reliability. This includes reliable hearsay." *Cox*, 706 N.E.2d at 551.

[12] Sokolowski objected to admission of State's Exhibit 1, the letter Guernsey wrote to Godden regarding Sokolowski's May 23, 2019, therapy session, stating "this document has in several different places . . . information that, that is, is clearly hearsay without any foundation." (Tr. Vol. II at 11.) The State responded that the letter was Guernsey's recitation of the reasons why she removed Sokolowski from the sex offender treatment program. The court overruled the objection and noted Sokolowski could challenge the reliability of the statements in the letter during cross-examination.

Guernsey's testimony and State's Exhibit 1 were influential in the trial court's decision to revoke Sokolowski's probation. The trial court's order revoking Sokolowski's probation states:

> That based upon Kerri Guernsey's testimony and State's Exhibit 1, the Spectra Counseling, LLC, letter authored by Kerri Guernsey reflects that the Defendant was removed from his sex offender counseling program contrary to paragraph 10 of both sets of Rules of Probation and failed to maintain steady progress toward all treatment goals as required by said Rules.

(App. Vol. II at 226-27.) Guernsey testified at the evidentiary hearing, and Sokolowski cross-examined her. She identified State's Exhibit 1 as the letter she wrote to Godden. Guernsey also testified regarding Sokolowski's disclosures during the May 23, 2019, therapy session, and she stated Sokolowski was not making any progress towards his treatment goals. Therefore, we hold Exhibit 1 was sufficiently reliable to be admitted as evidence. *See Knecht v. State*, 85 N.E.3d 829, 835 (Ind. Ct. App. 2017) (holding admission of transcript from criminal trial in probation revocation hearing was proper because defendant had opportunity to cross-examine witness during trial).

[14] The revocation order did not specifically mention Mobley's testimony or the letter describing the results of the polygraph examination. Given that the trial court relied on properly admitted evidence in revoking Sokolowski's probation, the admission of the letter containing the results of a polygraph examination and of the hearsay contained within Mobley's testimony could amount to

harmless error, at most. *See Williams v. State*, 937 N.E.2d 930, 935 (Ind. Ct. App. 2010) (holding even if trial court erred in admitting exhibits at revocation hearing, such error was harmless).

## 3. Sufficiency of the Evidence

[15] Sokolowski argues the State presented insufficient evidence that he violated the conditions of his probation. He contends he was suspended from treatment rather than removed. He also points out that some individuals respond to treatment faster to others, and he highlights Guernsey's acknowledgement that she "saw a little bit of incite [sic]" on two or three occasions. (Tr. Vol. II at 10.)

[16] "A probation hearing is civil in nature and the State need only prove the alleged violations by a preponderance of the evidence." *Cox*, 706 N.E.2d at 551. We review a decision to revoke probation under an abuse of discretion standard. *Prewitt*, 878 N.E.2d at 188. When reviewing whether sufficient evidence supported revocation, we do not reweigh evidence or judge the credibility of witnesses. *Morgan v. State*, 691 N.E.2d 466, 468 (Ind. Ct. App. 1998). If there is substantial evidence of probative value to support concluding by a preponderance of the evidence that the defendant violated a term of probation, we will affirm. *Menifee v. State*, 600 N.E.2d 967, 970 (Ind. Ct. App. 1992), *clarified on other grounds on denial of reh'g* 605 N.E.2d 1207 (Ind. Ct. App. 1993).

[17] At the evidentiary hearing, Guernsey testified that Sokolowski was making "no progress . . . besides attendance" towards his treatment goals. (Tr. Vol. II at 13.) She also testified that she made the decision to terminate Sokolowski from

treatment. She explained that she had concerns regarding Sokolowski's amenability to treatment, behavior at group sessions, and inability to follow rules. Sokolowski's arguments that he was making progress in treatment and that he was suspended rather than removed are simply requests for us to reweigh the evidence, which we will not do. *See Whatley v. State*, 847 N.E.2d 1007, 1010 (Ind. Ct. App. 2006) ("When we review the determination that a probation violation has occurred, we neither reweigh the evidence nor reassess witness credibility."). Therefore, we hold the State presented sufficient evidence to support the trial court's finding that Sokolowski violated his conditions of probation. *See Peterson v. State*, 909 N.E.2d 494, 499 (Ind. Ct. App. 2009) (holding evidence was sufficient defendant watched pornographic movies in violation of his sex offender treatment contract and, thus, violated a condition of his probation).

## 4. Opportunity to Present Mitigating Evidence

[18] Sokolowski contends that while he was given the opportunity to present evidence regarding whether he violated the conditions of his probation, the trial court abused its discretion by not affording him the opportunity to present mitigating evidence that his violation of probation did not warrant revocation. Probation revocation involves two steps. *Mathews v. State*, 907 N.E.2d 1079, 1081 (Ind. Ct. App. 2009), *reh'g denied*. First, the court must determine whether the probationer violated the conditions of probation. *Id*. Second, the court decides whether the violation warrants revocation. *Id*. "Even a probationer who admits the allegations against him must still be given an opportunity to

offer mitigating evidence suggesting that the violation does not warrant revocation." *Hampton v. State*, 71 N.E.3d 1165, 1171 (Ind. Ct. App. 2017), *trans. denied*.

[19] In *Vernon v. State*, the defendant argued he was not given the opportunity to present mitigating evidence that his probation violation did not warrant revocation. 903 N.E.2d 533, 535 (Ind. Ct. App. 2009), *trans. denied*. We held the defendant's due process rights were not violated because he was afforded the opportunity to present evidence at an evidentiary hearing. *Id*. at 537-38. Just like the defendant in *Vernon*, Sokolowski had the opportunity to present evidence at the evidentiary hearing, and he testified in his own defense. He denied the alleged probation violations. Further, Sokolowski testified regarding his employment and living situation, in an apparent attempt to portray himself in a positive light. Therefore, we hold Sokolowski was provided with the opportunity to present mitigating evidence that his violation of probation did not warrant revocation. *See id*.

# Conclusion

[20] Condition Ten was not unconstitutionally vague because it was specific enough to convey to Sokolowski the conduct that was expected of him and what would constitute of violation of the condition. Further, the trial court did not abuse its discretion in admitting Guernsey's letter to Godden. Guernsey testified at the evidentiary hearing, and Sokolowski was able to cross-examine her regarding any statement she made in the letter. The State presented sufficient evidence

Sokolowski violated a condition of his probation, and the trial court afforded Sokolowski the opportunity to present mitigating evidence that his probation violation did not warrant revocation. Therefore, we affirm the trial court's revocation of Sokolowski's probation.

[21] Affirmed.

Crone, J., and Pyle, J., concur.